## PERRYMAN *v.* WOODWARD.

### ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 277.  Argued May 12, 13, 1915.—Decided June 14, 1915.

The Townsite Commission of Muskogee Creek Nation Indian Territory awarded a lot to the party having the possessory right thereto and thereafter, in 1904 the party having died in 1900, made a deed purporting to convey the property to him.  Immediately after his death the probate court made a decree that the intestate's estate did not exceed three hundred dollars and that it absolutely vested in the widow who meanwhile sold the lot.  In a suit brought by the children of the intestate against the grantee of the widow *held* that:

The effect of the act of June 25, 1910, c. 431, § 32, 36 Stat. 855, in regard to deeds to tribal lands in the Five Civilized Tribes issued after the death of the party entitled was to make the patented lands part of the estate of the nominal party as though the deed had issued during his life; it did not exclude provisions of law otherwise applicable, and if the proper probate court had jurisdiction to make the decree when made the act of 1910 simply established the validity of the title.

In 1900, under the Act of May 2, 1890, c. 182, c. 31, 26 Stat. 81, § 3 of Ch. I of Mansfield's Digest of the Laws of Arkansas providing that where decedent's estate was less than three hundred dollars it vested absolutely in the widow was in force, and the grantee of the widow obtained good title whether the order of the probate court was made before or after the purchase.

When the question is whether a particular law of Arkansas was or was not put into effect by the act of May 2, 1890 in the Indian Territory, this court has jurisdiction to review the judgment of the state court of Oklahoma under § 237, Jud. Code, although if such question were not involved, the construction of the law itself would be a matter of local law and not reviewable by this court.

37 Oklahoma, 792, affirmed.

THE facts, which involve questions of title to land in Muskogee Creek Nation Indian Territory awarded by the townsite commission and the construction of the laws of descent applicable to the property, are stated in the opinion.

*Mr. B. B. Blakeney,* with whom *Mr. James H. Maxey* was on the brief, for plaintiffs in error:

As to the construction of the treaties of the Creek Nation with reference to the patenting of town property, and the acts of Congress in connection therewith, see Section 23, Original Creek Treaty, 31 Stat. 861; § 5, Act of April 26, 1906, 34 Stat. 137; § 15, Act of June 28, 1898, 30 Stat. 495; *Hy-yu-tse-mil-kiu* v. *Smith,* 194 U. S. 401; *McKay* v. *Kalyton,* 204 U. S. 458; *Bond* v. *United States,* 181 Fed. Rep. 613; *Parr* v. *United States,* 153 Fed. Rep. 462; *deGraffenried* v. *Iowa Land Co.,* 20 Oklahoma, 687; *Iowa Land Co.* v. *United States,* 217 Fed. Rep. 11.

As to the proper construction of § 31 of the Act of May 2, 1890, c. 182, 26 Stat. 81, see § 3, Chapter 1, Mansfield's Digest; *Winters* v. *Davis,* 51 Arkansas, 335; *McAndrews* v. *Hollingsworth,* 72 Arkansas, 446; *Griffin* v. *Dunn,* 79 Arkansas, 408; *Cherokee Const. Co.* v. *Harris,* 122 S. W. Rep. 485; *State* v. *Ellis,* 22 Washington, 129; *Thompson* v. *Utah,* 130 U. S. 343; *Smythe* v. *Smythe,* 28 Oklahoma, 266; *Frick* v. *Oates,* 20 Oklahoma, 473; *DeGraff* v. *State,* 2 Okla. Crim. Rep. 519; *Sanger* v. *Flow,* 48 Fed. Rep. 152; *Zufall* v. *United States,* 1 Ind. Ter. 639; *Appollos* v. *Brady,* 1 C. C. A. 299; *Nat. L. S. Com. Co.* v. *Taliaferro,* 20 Oklahoma, 177; *Capital Traction Co.* v. *Hoff,* 174 U. S. 1; *Inland Coasting Co.* v. *Hall,* 124 U. S. 121.

When the trial court reverses the order of the Master in excluding evidence, it should order the cause re-referred or open the case for admitting such evidence, and affording the adverse party the opportunity of introducing explaining or rebuttal evidence. *Matter of Friend,* 50 N. Y. Supp. 954; 17 Enc. of Pl. & Pr. 1057; *Central Trust Co.* v. *Ga. Pac. Ry.,* 83 Fed. Rep. 386; *Brueggestradt* v. *Ludwig,* 184 Illinois, 24; *Wall* v. *Stapleton,* 177 Illinois, 357; *Severance* v. *Hilton,* 32 N. H. 289; *Bellows* v. *Ingram,* 2 Vermont, 575; *American Hoist Co.* v. *Hall,* 208 Illinois, 597; *Guaranty Bond Co.* v. *Edwards,* 104 S. W. Rep. 642.

*Mr. Joseph C. Stone* for defendant in error, submitted.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit to quiet title to a parcel of land in Oklahoma brought by the children and heirs of Squire Saunders against a purchaser of the land from his widow. The defendant had a decree in her favor in the state court. 37 Oklahoma, 792, 799. The title of the defendant depends upon the effect of a decree of the Probate Court made on November 16, 1900, finding that the estate of Squire Saunders did not exceed three hundred dollars and ordering and adjudging that the same do vest absolutely in his widow. If valid, it is decided that this decree embraces the land in controversy. Squire Saunders having the possessory right to the lot, which lay in the town of Muskogee, Creek Nation, Indian Territory, it was awarded to him by the townsite commission. On October 22, 1900, he died intestate. On January 26, 1904, a deed was made by the principal Chief of the Muskogee (Creek), Nation, approved by the Secretary of the Interior, purporting to convey the same to him.

The act of June 25, 1910, c. 431, § 32, 36 Stat. 855, 863, provided that "where deeds to tribal lands in the Five Civilized Tribes have been or may be issued . . . to a person who had died, or who hereafter dies before the approval of such deed, the title to the land designated therein shall inure to and become vested in the heirs, devisees, or assigns of such deceased grantee as if the deed had issued to the deceased grantee during life." The intent and meaning of this statute in our opinion was to make the patented land part of the estate of the nominal patentee *quoad hoc*—the most important words being 'as if the deed had issued to the deceased grantee during life.' The section was not intended to exclude other provisions of law otherwise applicable, and to give a title at all events

to the heir or other party named in the act as purchaser. For other illustrations of heirs not taking as purchasers under statutes see *McDougal* v. *McKay,* 237 U. S. 372; *Pigeon* v. *Buck,* 237 U. S. 386, April 26, 1915; *Mullen* v. *United States,* 224 U. S. 448. If the statute under which the above-mentioned probate decree was made was in force when the decree was passed, the later act does not attempt to deprive it of effect, but only establishes the validity of the Saunders title beyond a doubt. Therefore we pass to the consideration of the earlier laws.

The act of Congress of May 2, 1890, c. 182, § 31, 26 Stat. 81, 94, adopted and extended over the Indian Territory certain general laws of Arkansas 'in force at the close of the session of the general assembly of that State of 1883, as published in 1884 in the volume known as Mansfield's Digest,' &c. One of these was chapter one, the provisions relating to administration, by § 3 of which if the estate of the deceased does not exceed $300 the Probate Court is to make an order that the estate vest absolutely in the widow or children, as the case may be. The state court held that this section was extended over the Indian Territory whether it was in force in Arkansas or not, an erroneous principle, as decided in *Adkins* v. *Arnold,* 235 U. S. 417; but if the section was in force in Arkansas the decision may be right in its result. Whether the section was in force is the main question in the case, and as this is, in effect, a question whether the act of Congress adopted it, it may, without much stretching, be regarded as open to review in this court, although if it were one degree more remote and concerned the construction of an Arkansas act admitted to be in force it would be treated as involving only a local law. See *Shulthis* v. *McDougal,* 225 U. S. 561, 571; *United States* v. *Pridgeon,* 153 U. S. 48, 53, 54.

The constitution of 1874 (Art. 9, § 6), gives the occupation of the homestead of the deceased to his widow for

life. (The minor children take half during minority, but there were no minor children in this case.) This section was held to be paramount, so far as it goes, in *Winters* v. *Davis*, 51 Arkansas, 335. But neither the constitution of Arkansas nor the chapter of Mansfield's Digest (75), dealing with the devolution of homesteads was put in force in the Indian Territory, so we are concerned only with § 3 of Chapter 1 of the adopted laws. So far as it bears upon the present case we see no reason to doubt that it was in force, its displacement as to homesteads not being material here. If it was in force, it does not matter that the defendant purchased from the widow in 1900, before the decree of the Probate Court was made. There was nothing in the acts of Congress to prevent it and no reason appears why the widow's title may not have enured to her grantee as held by the Supreme Court Commission; but that does not concern the plaintiffs if the widow got a good title as against them.

The Master to whom the case was referred to take the proof and report his findings of fact and conclusions of law was of opinion that the widow's interest 'was purely that of dower' and excluded the decree of the Probate Court. But he attached it to his report and the decree was considered by the courts, as we have indicated. The plaintiffs contend that thereby they have been prevented from introducing evidence to control the effect of the alleged decree. This is a matter of local practice that does not concern us. It was disposed of by the courts of the State.

*Decree affirmed.*