GIDNEY v. CHAPPEL.

ERROR TO THE SUPREME COURT OF THE STATE OF
OKLAHOMA.

No. 263.   Submitted March 8, 1916.—Decided April 24, 1916.

Sections 6509 and 6521, Mansfield's Digest of the General Laws of Ar-
   kansas dealing with appeals from the Probate to the Circuit Court,
   were not put in force in Indian Territory by the Act of May 2, 1890,
   c. 182, § 31, 26 Stat. 81, as they were inapplicable to conditions
   then existing in Indian Territory.
Section 6525 upon being adopted and separated from conflicting pro-
   visions of the Civil Practice Act of Arkansas, assumed its normal
   place among the other laws with which it was adopted and was put
   in force by the Act of May 2, 1890.
Quære whether § 6523 was adopted by the Act of 1890.
43 Oklahoma, 267, affirmed.


THE facts, which involve the application and construc-
tion of statutes of the United States relating to the probate
of wills in Indian Territory, are stated in the opinion.

   Mr. William T. Hutchings for plaintiff in error.

   Mr. Napoleon B. Maxey and Mr. Charles F. Runyan
for defendants in error.

   MR. JUSTICE VAN DEVANTER delivered the opinion of
the court.
   This was a suit to set aside a will probated in common
form and to avoid its probate. - The suit was begun in the
United States Court for the Indian Territory, wherein the
will had been probated, and was transferred to an Okla-
homa court when that State was admitted into the Union.
The plaintiff ultimately prevailed and the Supreme Court

of the State affirmed the judgment. 38 Oklahoma, 596;
43 Oklahoma, 267.

The Federal question in the case is whether certain
statutes bearing upon such a suit were put in force in the
Indian Territory by the act of May 2, 1890, c. 182, § 31,
26 Stat. 81, 94, whereby Congress adopted and extended
over the Indian Territory certain general laws of Arkansas
"in force at the close of the session of the general assembly
of that State of 1883, as published in 1884 in the volume
known as Mansfield's Digest," where "not locally in-
applicable or in conflict with" that or some other act of
Congress. In Arkansas there were probate courts and
courts of general jurisdiction designated as circuit courts,
while for the Indian Territory only one court had been
established at that time, and it was a court of general juris-
diction. In view of this the act declared that "the United
States Court in the Indian Territory herein referred to shall
have and exercise the power of courts of probate under
said laws," and "wherever in said laws of Arkansas the
courts of record of said State are mentioned the said court
in the Indian Territory shall be substituted therefor."

Among the Arkansas laws enumerated in the act was
chapter 155 containing sections numbered from 6490 to
6548. The section under which the will was probated de-
clares:

"Sec. 6522. When any will shall be exhibited for pro-
bate, the court of probate . . . may and shall
receive the probate thereof in common form, without
summoning any party, and shall grant a certificate of
probate, or, if the will be rejected, shall grant a certificate
of rejection; . . ."

Other sections (6509 and 6521) provide for an appeal to
the circuit court from an order of the probate court estab-
lishing or rejecting a will and for bringing in parties and
giving a hearing de novo upon the appeal. The sections
under which the suit was brought read as follows:

"Sec. 6523. Any person interested who, at the time of the final decision in the circuit court, resided out of this state, and was proceeded against by order of appearance only, without actual appearance, or being personally served with process, and any other person interested who was not a party to the proceedings by actual appearance, or being personally served with process, may, within three years after such final decision in the circuit court, by a bill in chancery, impeach the decision and have a re-trial of the question of probate; and either party shall be entitled to a jury for the trial thereof. An infant, not a party, shall not be barred of such proceedings in chancery until twelve months after attaining full age."

"Sec. 6525. If any person interested in the probate of any will shall appear within five years after the probate or rejection thereof, and, by petition to the circuit court of the county in which such will was established or rejected, pray to have any such will rejected, if previously established, or proven, if previously rejected by the court of probate, it shall be the duty of the circuit court to direct an issue to try the validity of such will, which issue shall in all cases be tried by a jury."

As the functions of the probate and circuit courts in Arkansas were united in a single court in the Indian Territory, it seems plain, as was held by the Supreme Court of Oklahoma in this case, that the sections (6509 and 6521) dealing with appeals from the probate to the circuit court were not applicable to the conditions in the Indian Territory and therefore were not adopted by the act of Congress. It hardly was intended that a court at all times presided over by a single judge should entertain appeals from its own decisions.

The contention advanced respecting § 6523 is that it related only to decisions of the circuit court upon appeals from the probate court and was inapplicable where such an appeal could not be had, and therefore was not adopted.

This point was not considered in the opinion of the Supreme Court of Oklahoma and it need not be decided here. However it might be resolved the result in the present case would be the same.

The contention made respecting § 6525 is that it was not adopted, because not in force in Arkansas at the close of the session of the general assembly of 1883. The claim that it was not then in force is based upon a decision of the Supreme Court of Arkansas in 1885 holding that it was impliedly repealed by the inclusion in the civil practice act of 1868, which was a later enactment, of certain provisions regulating appeals from the probate to the circuit court and prescribing the effect to be given to the latter's decision upon such an appeal. *Dowell* v. *Tucker*, 46 Arkansas, 438. Of course, that decision was controlling in Arkansas, but it has little bearing upon the question here presented, and for these reasons: Section 6525 was published in 1884 in Mansfield's Digest as a general law "in force at the close of the general assembly of 1883" (see title page of that publication), and the Supreme Court of the State had been treating it as such, *Tobin* v. *Jenkins*, 29 Arkansas, 151; *Janes* v. *Williams*, 31 Arkansas, 175, 189; *Jenkins* v. *Tobin*, *ibid.*, 306, 308; *Mitchell* v. *Rogers*, 40 Arkansas, 91, 93–95. Besides, the particular provisions of the civil practice act which ultimately were regarded as effecting its implied repeal in Arkansas—they became §§ 6509 and 6521 of Mansfield's Digest—were not adopted by the act of Congress, because inapplicable to the conditions in the Indian Territory. In these circumstances we think the adopting act, rightly interpreted, put the section in force there. Separated, as it then was, from the restraining influence of the supposedly conflicting provisions of the civil practice act it assumed its normal place among the other laws with which it was adopted. This conclusion is not opposed to our decisions in *Adkins* v. *Arnold*, 235 U. S. 417, and *Perryman* v. *Woodward*, 238 U. S. 148, as

seems to be claimed by the plaintiff in error, but on the contrary is in accord with what actually was there decided.

Other questions are discussed in the briefs, but as they are not Federal but essentially local they cannot be reexamined by us.

*Judgment affirmed.*