### REED v. NARCOMEY et al.

No. 18626.   Opinion Filed April 24, 1928.

Rehearing Denied June 21, 1928.

(Syllabus.)

Indians—Devolution of Seminole Allotment Where Allottee Dies Unmarried Without Issue, Brothers or Sisters or Mother, but Survived by Father.

The second section of the Supplemental Seminole Agreement (31 Stat. L. 250) makes effective the Arkansas statutes referred to therein as a special statute of descent and distribution as to the character of allotted lands in said section mentioned. The proviso makes the statute inoperative as to all persons except those named in the proviso, conditioned that any such persons exist when the descent is cast. When there is a father, but no mother, nor brothers nor sisters nor their descendants, and the allottee is unmarried, and without issue, the law.

vested title to one-half of the land in the father and one-half in the heirs of the mother—both the father and the mother being Seminoles.

Error from District Court, Seminole County; Geo. C. Crump, Judge.

Action by Mary Narcomey, nee Leader, et al. against Eulahmae Reed.   Judgment for plaintiffs, and defendant brings error. Affirmed.

John W. Willmott, R. J. Roberts, and Joseph C. Looney, for plaintiff in error.

J. B. Campbell, Ralph Knight, and Pryor & Stokes, for defendants in error.

BRANSON, C. J. The plaintiffs (defendants in error here), in the district court of Seminole county, obtained a judgment in ejectment that they owned and were entitled to the immediate possession of an undivided one-half of a certain tract of land. The land was an Indian allotment, made under the original and the Supplemental Seminole Agreement (31 Stat. L. 250). The allottee was one Lowine Marshall. She was enrolled as a full-blood Seminole citizen on the final rolls of said tribe, prepared by the Commission to the Five Civilized Tribes under the acts of the national Congress. Both the father and the mother of the said allottee were Seminole Indians and citizens of the Seminole Tribe. The land in question here had not been allotted or set apart to the said Lowine Marshall at the time of her death, in the year 1900. It was allotted, however, in her name soon thereafter, and patents from the tribe and the government issued, as by the acts of the national Congress provided. The father of the said allottee survived her, but the mother predeceased her. Lowine Marshall, as aforesaid, left surviving her a father, but died intestate, without having been married, without issue, and left no mother, nor brother, nor sister. nor the descendants of such surviving heirs. As aforesaid, the mother having predeceased the allottee, there were certain collateral kindred of the mother, citizens of the Seminole Nation, and they are the plaintiffs who obtained the judgment for one-half of the land in question.

The defendant deraigns his title by a conveyance from the father, one Albert Leitka, and he (plaintiff in error here) asserts that the father inherited the said land, to the exclusion of all other parties. The plaintiffs assert that they inherited one-half of the land through the line of the mother. The defendant (plaintiff in error here) recites in the brief:

"The discussion of this question is neces-

sarily limited to generalities and conclusions. We have not been able to find, and do not believe that there is any case passing squarely upon the point raised in this appeal. It is, so far as we have been able to learn, a question of first impression."

It is further stated (page 16 of the brief) that the land was inherited, "either under the second section of the Supplemental Seminole Agreement by the father, or under the laws of Arkansas, in which the father and his heirs take half and the mother and her heirs take the other half." The said second section of the said Supplemental Seminole Agreement, to which reference is made, is as follows:

"If any member of the Seminole Tribe of Indians shall die after the 31st day of December, 1899, the lands, money, and other property to which he would be entitled, if living, shall descend to his heirs, who are Seminole citizens, according to the laws of descent and distribution of the state of Arkansas, and be allotted and distributed to them accordingly; provided, that in all cases where such property would descend to the parents under said laws, the same shall first go to the mother, instead of the father, and then to the brothers and sisters and their heirs, instead of the father."

It is not useful to discuss chapter 49, Mansfield's Digest of the Statutes of Arkansas. It was the chapter incorporated by the loosely drafted reference, "According to the laws of descent and distribution of the state of Arkansas," in the treaty, as a special statute of descent and distribution as to lands allotted as here. It may be useful, however, to the uninformed to refer to the following cases: Shulthis v. McDougal, 170 Fed. 529, 95 C. C. A. 615; Pigeon v. Buck, 38 Okla. 101, 131 Pac. 1083; McDougal v. McKay, 43 Okla. 261, 142 Pac. 987; Thorne v. Cone, 47 Okla. 781, 150 Pac. 701.

A brief analysis of the provisions of the said quoted section 2 of the Supplemental Seminole Agreement is determinative of the issue here.

We ask, What would have been the devolution, but for the proviso of said section? Certainly, one-half would have gone to the father, Albert Leitka, and one-half to the mother (she being dead, to her heirs).

The proviso operated as a modification or limitation of the applicable provisions of said chapter 49 to the extent that the father took no part of the inheritance. The mother took as an heir (just what estate she took is not necessary to determine in this case). If, and when, the brothers and sisters took, they took as heirs in fee simple. Under this proviso, where there is a mother or brothers and sisters, or both, the mother takes first, then the brothers and sisters, or their heirs. Since neither of these were in esse, or survived the allottee, Lowine Marshall, there was nothing on which the proviso could operate, and it was therefore not applicable to the stipulated facts in this case. This being true, the Arkansas law of descent must govern, and on the death of Lowine Marshall, one-half of the land allotted in her name passed to her father, Albert Lietka, and one-half to the heirs of the mother.

The judgment of the trial court is affirmed.

MASON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See 31 C. J. p. 523, §96.