[No. 20500. In Bank. — November 9, 1889.]

## THE PEOPLE, RESPONDENT, *v.* JOHN A. BARTMAN, APPELLANT.

CRIMINAL LAW — PERJURY — AFFIDAVIT OF JUSTIFICATION TO BAIL BOND — DESCRIPTION OF PROPERTY. — An affidavit of justification to a bail bond containing at the end certain words of description of property which by themselves assert nothing and do not constitute a complete sentence, and which have no grammatical or logical connection with the rest of the affidavit, which contains an uncontradicted justification to the bond, will not sustain a charge of perjury based merely upon proof that the defendant possessed no such property as that referred to in such words of description.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Haggin & Dibble*, for Appellant.

*Attorney-General Johnson*, for Respondent.

BEATTY, C. J.—The defendant appeals from a judgment convicting him of the crime of perjury.

The indictment charged, in substance, that one Maggie Farley having been arrested for a misdemeanor, and duly admitted to bail in the sum of three hundred dollars, the defendant procured her discharge from custody by executing and delivering a bail bond to which was appended an affidavit by which he made oath that he was a freeholder of the state of California, worth three hundred dollars over and above his debts and liabilities, exclusive of property exempt from execution, and that his property consisted of five lots in block 210, Alameda County; whereas he was not a freeholder, not worth three hundred dollars, and not the owner of said lots.

The only evidence offered at the trial as to what the defendant did swear to in connection with said bail bond was the affidavit itself, which reads as follows:—

"STATE OF CALIFORNIA,
CITY AND COUNTY OF SAN FRANCISCO. } ss.

"J. A. Bartman, being duly sworn, deposes and says that he is a resident of the city and county of San Francisco, state of California, and a freeholder in said state of California, and that he is worth the sum of three hundred dollars, exclusive of property exempt from execution, and over and above all debts and liabilities. Five lots in block 210, Alameda County.

"JOHN A. BARTMAN.

"Subscribed and sworn to," etc.

No attempt was made to prove that the defendant was not a freeholder, or that he was not worth three hundred dollars at the date of said affidavit, but evidence was offered tending to show that he did not own any part of any block 210 in Alameda County.

To the introduction of this evidence the defendant objected, upon the ground that it had not been shown that he ever swore that he owned any such property. His objection was overruled, and the evidence admitted.

By this ruling, and by various other rulings in giving and refusing instructions, to all of which the defendant duly excepted, the court construed the affidavit above quoted as containing a sworn averment that the defendant was the owner of five lots in block 210, Alameda County.

These rulings were in our opinion erroneous. The affidavit itself contains no such statement. The words "five lots in block 210, Alameda County," by themselves assert nothing; they do not constitute a complete sentence, and they have no grammatical or logical connection with the rest of the affidavit.

The mere surmise that the defendant, or the person who drew the affidavit, intended to have it understood that he owned said lots, is not sufficient; the language used must sustain that construction, and this clearly does not.

For the error indicated, the judgment must be reversed. Other assignments of error in this view become immaterial.

Judgment reversed and cause remanded.

Fox, J., THORNTON, J., SHARPSTEIN, J., WORKS, J., and McFARLAND, J., concurred.