[Crim. No. 38. Second Appellate District.—June 16, 1906.]

# In re NELLIE MUNDELL LEWIS, on Habeas Corpus.

HABEAS CORPUS—COMMITMENT OF MINOR TO WHITTIER STATE SCHOOL—
SEVERAL COMPLAINTS—SUPPORT OF WARRANT.—When a warrant of
commitment of a minor to the Whittier State School for juvenile
offenders is by its terms based upon a first complaint filed in the
superior court, a copy of a second complaint filed at a later date,
appended to the warrant, and of a third complaint, filed still later,
introduced at the hearing upon *habeas corpus*, can neither of them
be treated as supporting the warrant.

ID.—INSUFFICIENCY OF FIRST COMPLAINT—PRIOR DECISION UPON HABEAS
CORPUS.—Where the first complaint upon which the warrant was
based was before this court upon a former application for a writ
of *habeas corpus*, and was then held insufficient to support a com-
mitment, it will be held insufficient for the reasons stated in that
opinion.

ID.—INSUFFICIENCY OF SECOND COMPLAINT—ABSENCE OF AVERMENT—
INCORRIGIBILITY—DESCRIPTION IN PRAYER.—The second complaint
appended to the warrant, which fails to aver that the home of the
prisoner is an unfit place for her for any reason, or that she is in-
corrigible, or a vagrant, or to aver any fact, bringing the minor
within the terms of the statutes (Stats. 1905, pp. 81, 806), is in-
sufficient. The fact that in the prayer of the complaint the pris-
oner is described as "an incorrigible minor" is immaterial, such
description not being sufficient to support a charge of perjury
against the person swearing to the complaint.

ID.—INSUFFICIENCY OF THIRD COMPLAINT—AGE LIMIT EXCEEDED.—The
third complaint introduced at the hearing is fatally defective in al-
leging that the prisoner is over the age of sixteen and under eigh-
teen years of age, since the dependent child act, under which it is
drawn, affects children under sixteen years only.

ID.—MARRIAGE OF MINOR SUBSEQUFNT TO COMPLAINT—DISCHARGE ON
HABEAS CORPUS.—Where it appears from the sworn petition for
the writ of *habeas corpus* that, since the filing of all the complaints,
the minor prisoner has been married and is the wife of the peti-
tioner, and such allegation is not denied, it must be taken as true,
and makes her an adult person, not within the Whittier act, and
the act concerning dependent children, and is sufficient ground
for her discharge.

HEARING on writ of *habeas corpus* to the Sheriff of Los
Angeles County.

The facts are stated in the opinion of the court.

Henry E. Willis, and Hester & Ladd, for Petitioner.

J. G. Rossiter, and Charles E. McComas, Deputy District Attorney, for Respondent.

GRAY, P. J.—In this matter the prisoner, Nellie Mundell Lewis, must be discharged for several reasons:

The warrant returned here by the sheriff as his authority for holding the prisoner was issued out of the superior court on June 6, 1906, and is by its terms based upon a complaint filed in said court on February 21, 1906, "praying for the commitment of the above-named minor to the Whittier State School for juvenile offenders." To this warrant is attached what purports to be .a copy of a complaint sworn to on the second day of May, 1906. At the hearing of the matter the sheriff introduced in evidence the copy of another complaint differing in several respects from the copy attached to the warrant returned. This copy of complaint introduced in evidence was also sworn to upon the second day of May, 1906. Neither of these two complaints, copies of which are before me herein, can be treated as supporting the warrant in question, for the reason that they are not as appears by date referred to in the warrant, nor is either of them the basis of the said warrant. There was, as I find by examination of the records of this court, a complaint filed against the prisoner in said superior court on the date stated in the said warrant, the twenty-first day of February, 1906. That complaint was, however, before the district court of appeal on a previous application for a writ of *habeas corpus,* and it was then held by the court that such complaint was entirely insufficient to support an order committing the prisoner. (See *Ex parte Mundell, ante,* p. 472 [86 Pac. 833].) For the reasons stated in that opinion, that complaint I hold to be entirely insufficient to support the further detention of the prisoner. Nor are either of the complaints before me sufficient to warrant the further holding of the prisoner. The complaint attached to the warrant fails to state that the home of the prisoner is an unfit place for her for any reason. It also fails to state that she is incorrigible,

or a vagrant. There is also an entire absence of any averment bringing her under the provisions of subsection 1 of section 2, on page 806, statutes of 1905, either as a dependent child by virtue of the amendment contained in that section, or as a proper subject to be sent to the Whittier school by virtue of the amendment contained in section 3, on page 81, statutes of 1905. To be sure, in the prayer of this complaint the prisoner is described as an "incorrigible minor," but it is neither asserted, averred nor charged that she is an incorrigible minor. If the person swearing to the complaint were charged with perjury in having falsely sworn that the prisoner was incorrigible, he might well answer that he did not so swear. (*People* v. *Bartman,* 81 Cal. 200, [22 Pac. 592].)

As to the complaint introduced at the hearing, it is fatally defective in that it is therein alleged that the prisoner is over sixteen and under eighteen years of age; whereas the dependent child act under which it is drawn affects children under sixteen years only. (See Stats. 1905, p. 81, sec. 3; and p. 806, sec. 2, subsec. 1.)

I might stop here; but there is yet another reason why the prisoner must be discharged. It appears from the sworn petition herein that since the filing of all the complaints hereinbefore referred to, the prisoner has been married and is now the wife of the man who makes the petition herein in her behalf. This allegation of the petition is not denied, and must be taken as true. I am of opinion that, if we concede the validity of the complaints, still her marriage takes the prisoner out of the class known as children and minors under the Whittier act and the act concerning dependent children, and makes of her an adult person so far as those acts are concerned; and that no court has any further jurisdiction of her person on any charge based upon either or both of those acts. I do not believe that married minors come within the provisions of those acts. In this my associates agree with me.

I, therefore, order that the said Nellie Mundell Lewis be discharged from custody, and that her cash bail be restored to the owner thereof.