[Crim. No. 480.  Second Appellate District.—March 22, 1916.]

In re CLARA VIOLA WILLIS, on Habeas Corpus.

JUVENILE COURT LAW — JURISDICTION — CONSTITUTIONAL LAW.— Under the terms of the Juvenile Act, as its text stood both in the year 1909 (Stats. 1909, p. 213) and as amended in 1915 (Stats. 1915, p. 1225), the juvenile court is given jurisdiction over all "persons" under the age of twenty-one years, irrespective of their minority; and there is no constitutional restriction which deprives the legislature of the right to confer jurisdiction upon the juvenile court in the manner and form described by the act.

APPLICATION originally made in the District Court for the Second Appellate District for a writ of *habeas corpus*.

· The facts are stated in the opinion of the court.

Louis Kleindienst, for Petitioner.

Thomas Lee Woolwine, District Attorney, and H. S. G. McCartney, Deputy District Attorney, for Respondent.

JAMES, J.—A writ of *habeas corpus* was issued herein on petition of Clara Viola Willis. In August, 1915, petitioner,

then being seventeen years of age, was adjudged by the superior court of the county of Los Angeles, sitting as a juvenile court, to be a delinquent person, the particular charge being that she was guilty of vagrancy as that crime is defined in some of the provisions of section 647 of the Penal Code. At the time of this adjudication petitioner was a married woman. A final order in the matter was made on the tenth day of February, 1916, when the juvenile court ordered that petitioner be placed under probation until she arrived at the age of twenty-one years, or until further order of court, and that she be allowed to reside with her mother under the supervision of a probationary officer. On the nineteenth day of February, 1916, petitioner became of the age of eighteen years. It was set out in the return that while a ward of the juvenile court petitioner had, without the consent of the court, but with the consent of her mother, married one Willis, and had deserted said Willis after living with him but a ''short'' period of time. The particular ground upon which petitioner asks to be discharged is that the juvenile court has no jurisdiction over persons other than minors and unmarried infants. Under the terms of the Juvenile Act, as its text stood both in the year 1909 (Stats. 1909, p. 213), and as amended in 1915 (Stats. 1915, p. 1225), the juvenile court is given jurisdiction over all ''persons'' under the age of twenty-one years, irrespective of the question of their minority. We can find no authority which deprives the legislature of the right to confer jurisdiction upon the juvenile court in the manner and form described by the act. In order to sustain the contention of petitioner the court would be compelled to conclude that it was only competent for the legislature to vest jurisdiction in the juvenile court over minors. There is no constitutional limitation that our attention has been called to which so restricts the legislative power.

The writ is discharged and petitioner remanded.

Conrey, P. J., and Shaw, J., concurred.