[Crim. No. 2042. First Appellate District, Division Two.—December 21, 1938.]

THE PEOPLE, Respondent, v. ALBERT SLEPNOL, Appellant.

Allen Spivock for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The defendant Albert Slepnol was charged in an information with two counts, arising from the same facts, against one Patricia Wardell, aged seventeen years, who was married and living with her husband at said time and was not a ward of the juvenile court. The first count charged defendant with the crime of rape, alleging intercourse with a female under the age of·eighteen years. The second count charged defendant with violation of the Juvenile Court Act for allegedly contributing to the delinquency of said married complainant by remaining alone with her in her room and kissing and embracing her and removing her clothing, all of which is alleged to be a violation of section 702 of the Welfare and Institutions Code in that such conduct did "manifestly tend to and did encourage, cause and contribute to the said Patricia Wardell becoming such a person as is described in section 700 of said Welfare and Institutions Code, to wit: A person under the age of twenty-one years who is leading or from any cause is in danger of leading an idle, dissolute and immoral life". The case was tried without a jury and upon the testimony of said Patricia Wardell, who was the only witness for the prosecution, the court found defendant not guilty of the alleged rape but found him guilty of contributing to the delinquency of a minor on said second count and sentenced him to one year in the county jail. The defendant appeals from said judgment of conviction.

Two questions are involved. (1) Does a married female under twenty-one who is not a ward of the juvenile court come within the provisions of section 700 and 702 of said Welfare and Institutions Code so as to permit her to charge a person with the crime of contributing to her delinquency? (2) Assuming that there is such a criminal offense under our state laws, was the evidence sufficient to justify conviction?

The second question may be answered first. If the charge of rape was still to be considered the objections of the defendant would require more extended attention. But as

noted above that charge was found in the defendant's favor. As to the other count pleaded in the information the complaining witness took the stand and testified quite fully. By no means may we say the evidence is insufficient.

The defendant contends the first question should be answered in the negative. He cites and relies on the decision entitled *In re Lewis*, 3 Cal. App. 738 [86 Pac. 996]. We think that decision is not helpful in this case. It was based in part on two different statutes enacted in 1905, chapters 84 and 610. Both statutes were confined to provisions for the protection of "children" and "minors". It was not until several years later that the Juvenile Court Act was enacted. (Stats. 1909, chap. 133.) That act was amended in 1915. (Stats. 1915, chap. 631.) Section 1 is as follows: "This act shall be known as the juvenile court law and shall apply to any person under the age of twenty-one years: . . . 11. Who is leading, or from any cause is in danger of leading, an idle, dissolute, lewd or immoral life; . . . " In no place does the statute recite that the jurisdiction of the juvenile court therein provided would be affected in any respect by the marriage of the complaining witness. However, in the case of *In re Willis*, 30 Cal. App. 188 [157 Pac. 819], it was contended that the marriage of a prosecuting witness ousted the juvenile court of jurisdiction. The District Court of Appeal of the second district held that the law was otherwise. In 1921 other amendments were made to the statute. (Stats. 1921, chap. 504.) The contention which this defendant makes was presented by the defendant in the case entitled *People* v. *Cohen*, 62 Cal. App. 521 [217 Pac. 78]. In presenting his appeal Cohen contended that the information was insufficient because it did not allege that the complaining witness was not the wife of the defendant. He also contended the evidence did not show that the complaining witness was one of the persons described in subdivisions 1 to 13 of section 1 of the Juvenile Court Act. Commencing on page 525 the court said: "Under the former acts it was necessary to allege and prove that the complaining witness was either a dependent or a delinquent person before the defendant could be found guilty of improper conduct toward such person, but under the present law it is only necessary to show that the complaining witness is under the age of 21 years. The former act was designed to protect only delinquent and dependent

children. The purpose of the present law is manifestly to protect all persons under the age of 21 years. The evidence showed without any conflict that the complaining witness was only 16 years of age at the time the offense was alleged to have been committed, and in our opinion this is all that is required under the present statute.'' Since the decision last mentioned was rendered the Juvenile Court Act has been amended in certain respects not material to anything pertinent to the instant case. Furthermore it has been codified (Welfare and Institutions Code, Div. 2, secs. 500–1630), but no material change in the language has been made. We think it is clear therefore that the contentions made by the defendant are not well-founded. The reasoning adopted by the California cases is supported by the great weight of authority. (*Re Hook,* 95 Vt. 497 [115 Atl. 730, 19 A. L. R. 610, note 616] ; *State* v. *District Court,* 77 Mont. 290 [250 Pac. 973, 49 A. L. R. 398, note 402].)

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.