KILLIAN et al. v. BURNHAM, Supt.

No. 30736. Sept. 15, 1942.

*130 P. 2d 538.*

Sid White, of Oklahoma City, for petitioners.

Mac Q. Williamson, Atty. Gen., and P. C. Lackey, Asst. Atty. Gen., for respondent.

HURST, J. This is an original proceeding for a writ of habeas corpus. Two questions are presented for decision: (1) whether the juvenile court had jurisdiction of the person of the alleged delinquent, and (2) whether marriage of a 13-year-old girl removes her from the protection of the Juvenile Act and deprives the juvenile court of jurisdiction to commit her to the State Industrial Training School for Girls as a delinquent child.

The juvenile court of Grady county, on July 18, 1940, committed Frances Wood to the State Industrial Training School for Girls as a delinquent child. She was then 13 years of age, but was married to Joe Wood. This proceeding was filed by her father, Edward Killian, and her husband.

The petition on which Frances Wood was committed was sworn to before the county judge (ex officio juvenile judge) on July 15th, but was not formally filed with the court clerk until July 16th. It was duly verified and sets forth the age of the child and charges her with acts which, if true, make her a delinquent child under the terms of the Juvenile Act (10 O. S. 1941 §§ 101-114). The petition does not give the names and addresses of the father and husband as directed by section 105. Summons, signed by the juvenile judge, was issued on July 15th, and directed the father and husband, as persons hav-

ing control and custody of the child, to appear with her on July 15th. On the back of the summons appears the following endorsement: "I accept service of summons, and agree that said cause might be tried at any time and without further notice to her parents. (Signed) Edward Killian, Joe Wood." The hearing was held on July 18th, the day the commitment was issued.

1. The petitioners argue that the failure of the petition to give the names and addresses of the father and husband and the issuance of the summons the day before it was formally filed in the office of the court clerk render the proceedings and the commitment void. We do not agree. The father and husband by the endorsement on the summons in effect entered their appearance and waived the defects. In re Thompson's Estate, 179 Okla. 240, 65 P. 2d 442. Petitioners do not contend that they were denied the opportunity to appear and contest the proceedings, or that any actual prejudice resulted from the irregularities. They cite no authorities in support of their contention, other than the statutory provisions.

The law is not punitive, but is corrective and protective in that its purpose is to make good citizens out of potentially bad ones. Ex parte Powell, 6 Okla. Cr. 495, 120 P. 1022. By section 14, we are required to liberally construe it to the end that its purposes may be carried out.

2. Does the fact of the marriage of the child remove her from the protection of the Juvenile Act, and deprive the court of jurisdiction to commit her as a delinquent child? We think not. We find nothing in the statute indicating an intention on the part of the Legislature to make such an exception. The first section (sec. 101) provides that the act "shall apply to any child under the age of 16 years not an inmate of a state institution incorporated under the laws of this state." It defines a "dependent" and "neglected" child as "any male child under the age of 16 years and any female child under the

age of 18 years who," etc. It defines a "delinquent" child as "any male child under the age of 16 years and any female child under the age of 18 years who," etc.

Section 101 makes an exception in favor of those children who are inmates of a state institution. The Legislature having made no other exceptions, this court is not at liberty to make one. While the question is one of statutory construction, we point out that the majority view in other states is in harmony with our view. Re Hook, 95 Vt. 497, 115 Atl. 730, 19 A. L. R. 610; State ex rel. Foot v. District Court, 77 Mont. 290, 250 P. 973, 49 A. L. R. 398; 31 Am. Jur. 793; Richardson v. Browning, 18 Fed. 2d 1008. Petitioners cite Ex parte Lewis, 3 Cal. App. 738, 86 P. 996, which, however, is in conflict with a later opinion of the same court in Ex parte Willis, 30 Cal. App. 188, 157 P. 819.

The case of Missouri-Kansas-Texas R. Co. v. Canada, 130 Okla. 171, 265 P. 1045, 59 A. L. R. 743, cited by petitioners, is not in point, as it involves a different statute and question.

We conclude that Frances Wood was, on July 18, 1940, a "child," as that term is used in the Juvenile Act, despite the fact that she was then married. Ex parte Rothrock, 19 Okla. Cr. 234, 199 P. 581.

Writ denied.

OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., CORN, V. C. J., and RILEY, J., absent.