Ex parte FREDA MAY WILKINS.

No. A-10473.    Jan. 19, 1944.

(145 P. 2d 438.)

136

Herbert K. Hyde, of Oklahoma City, for petitioner.

Randell S. Cobb, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for respondent.

JONES, P. J. This is an original proceeding in habeas corpus instituted for the purpose of securing the release from confinement in the State Industrial School for White Girls at Tecumseh of one Freda May Wilkins.

The verified petition alleges that on September 21, 1943, the said Freda May Wilkins was placed in jail in Oklahoma county, Oklahoma. That proceedings were instituted in the county court of Oklahoma county to have said minor child declared a delinquent child. That on September 30, 1943, the county court of Oklahoma county, by its judgment, found that the said Freda May Wilkins was born on August 22, 1926, and was 17 years of age at the date of said hearing. The court further found and adjudged that the said Freda May Wilkins is a delinquent child and that, as such, she should be committed to the State Industrial School for White Girls at Tecumseh. Pursuant to the judgment of the court, the said Freda May Wilkins was delivered to the custody of Mrs. Creighton Burnham, Superintendent of said State Industrial School for White Girls, and that since said date she has been confined in said institution. That the said Freda May Wilkins is 17 years of age and, under the law, the county court of Oklahoma county was wholly without authority to commit her to said Industrial School.

The writ of habeas corpus was issued, and upon the hearing before this court the sole issue presented was whether, under the statutes pertaining to the commitment of delinquent children, a county court has jurisdiction to commit a female over the age of 16 years to the State Industrial School for White Girls.

Early in the history of our state the Legislative Session of 1909 made provision for the care and supervision by the county courts of this state of dependent and delinquent children. Session Laws 1909, ch. 14, art. 8. These statutes continued as a part of our law without change and were carried forward as sections 1729 to 1742, inclusive, of the 1931 Code. Later the Legislative Session of 1935, and subsequent thereto the Legislative Session of 1941, amended certain sections of the laws pertaining to dependent and delinquent children. The law as it now pertains to said children is set forth in 10 O. S. 1941 §§ 101 to 114, inclusive.

Section 1729, O. S. 1931, 10 O. S. 1941 § 101, defines a "dependent child" and a "delinquent child" as "any child under the age of sixteen years" who came within the terms of the statute. The other sections of the statute concerning dependent and delinquent children, set forth in the 1931 Code hereinabove referred to, conferred jurisdiction on the county courts of this state over said dependent and delinquent children and prescribed a full and complete procedure for the hearing and disposition of such cases.

Section 1737, O. S. 1931, 10 O. S. 1941 § 109, pertains to the care and supervision of dependent and neglected children under the age of 16 years.

Section 1739, O. S. 1931, 10 O. S. 1941 § 111, pertains to delinquent children and specifically gives the county court authority to commit such delinquent child, if a boy, to the State Training School for Boys, or, if a girl, to the Industrial School for Girls. In the latter part of said section 1739, supra, it was specifically provided: "In no case shall a child beyond the age of sixteen years be committed to an institution." This section of the statute has never been amended or changed and is now found as 10 O. S. 1941 § 111.

The Fifteenth Legislature (1935), under the provisions of House Bill No. 175, p. 8, amended only two sections, 1729 and 1737, of the Oklahoma Statutes of 1931. Section 1729 was amended to define the term "dependent child" as "any male child under the age of sixteen years and any female child under the age of eighteen years, * * *" and the term "delinquent child" shall "include any child under the age of sixteen * * *." We are not here concerned with the amendment to section 1737, O. S. 1931, as the same pertains solely to the commitment of dependent children.

The Eighteenth Legislature, under the provisions of House Bill No. 123, c. 5a, further amended section 1729, O. S. 1931, which had been amended as hereinabove set forth by art. 1. sec. 1, ch. 14 of the Session Laws of 1935, which section of the statute as now amended appears in our present Code under 10 O. S. 1941 § 101. The 1941 amendment defines "delinquent child" to include "any male child under the age of sixteen years and any female child under the age of eighteen years * * *."

It will be observed from an examination of the amendments made by the 1935 Act of the Legislature and by the further amendment by the Legislature of 1941 that no attempt was made to change any portion of the original law pertaining to dependent and delinquent children except sections 1729 and 1737.

All of the other provisions of the statutes of 1931 relative to dependent and delinquent children, with the exception of the two amendments hereinabove named, are still in force and effect with regard to the jurisdiction, control and procedure applicable to such dependent and delinquent children.

The confusion that has arisen is the result of the change in the ages of a delinquent female from the age 16 to age 18 as now set forth in the first section of the 1941 Code, hereinabove quoted.

The provision in section 1739, O. S. 1931, 10 O. S. 1941 § 111, hereinabove referred to, limits the authority of a county court, insofar as it pertains to the commitment of a delinquent child to an institution, to children 16 years of age and younger. This section of the statute has never been amended or repealed.

Although under the provisions of 10 O. S. 1941 § 101 the county courts are given jurisdiction of delinquent children up to the age of 18 in case of a female, the said county court, under the provisions of section 111, supra, may not commit said female to an institution if she is over the age of 16 years. Where proceedings are instituted in a county court to have a female over the age of 16 years and under the age of 18 years adjudged a delinquent child, the county court may, if the facts justify, adjudge said child to be a delinquent. In such a case his jurisdiction is limited to the commitment of said child to a probation officer, or any other person, or placing her on probation in her home, or may place her under probation in such other places provided in the statute by placing her in a suitable family home, etc. 10 O. S. 1941 § 111. But in no case where said female is over the age of 16 may she be committed to the State Industrial School for White Girls.

This court can perceive some reasons why the Legislature would thus continue the limitation on the authority of the county court to commit a girl over the age of 16 years to the State Training School for White Girls. Girls over that age are more mature. They are harder to control and are more likely to have a detrimental effect upon the morals and outlook upon life of girls confined in said

institution who are much younger. Irrespective of the motives behind the legislative mandate, the Legislature has fixed the age of 16 as the maximum age at which the county courts of this state may commit delinquent children to a state institution.

Although the county court is without jurisdiction to commit a female over the age of 16 years to an institution, said county court does have a continuing jurisdiction over any child adjudged to be a delinquent as a ward of the court until the age of 21 years is reached, or until such child shall have been discharged by an order of said court. 10 O. S. 1941 § 112.

For a more full and complete discussion of the juvenile law and the duty of the courts in respect to children who come within its terms, see the case of In re Powell, 6 Okla. Cr. 495, 120 P. 1022.

For the reasons hereinabove stated, it is apparent that the county court of Oklahoma county was without authority or jurisdiction to commit the said Freda May Wilkins to the State Industrial School for White Girls because at the date of said commitment she was seventeen years of age.

Nothing in this opinion shall be construed to interfere with the authority of the county court to place said Freda May Wilkins on probation as a ward of said court in such home and under such supervisory control as is prescribed by law, other than to commit her to a state institution.

The Superintendent of the State Industrial School for White Girls is hereby authorized and directed to release the said Freda May Wilkins from custody in the State Industrial School for White Girls, and said cause is remanded to the county court for further proceedings.

BAREFOOT, J., concurs. DOYLE, J., not participating.