Ex parte GABRIEL DEMETRIO BAEZA.

No. A-10865.   Sept. 24, 1947.
(185 P. 2d 242.)

Bill Steger, of Durant, for petitioner.

Mac Q. Williamson, Atty. Gen., and L. A. Wallace, Asst. Atty. Gen., for respondent.

BAREFOOT, P. J. Petition for writ of habeas corpus has been filed in this court by Gabriel Demetrio Baeza, father of Claude Lee Baeza, age fifteen years, seeking his release from the State Training School for Boys, at Helena, Oklahoma, where he is confined by reason of a commitment issued out of the juvenile court of Bryan county, Oklahoma, adjudging him a delinquent child.

We have recently had occasion to decide a case very similar to the instant case, which came to this court from Bryan County—Ex parte Hollowell, 84 Okla. Cr. 355, 182 P. 2d 771, 774. We shall, therefore, not discuss the questions there decided, except to reiterate that the statutes governing juvenile delinquency should be liberally construed, as provided by the terms of the juvenile statute (Tit. 10 O. S. 1941 § 114) to the end that a delinquent child shall be treated, not as a criminal, but as misdirected and misguided, and needing aid and encouragement.

In the petition filed in this case, it is alleged:

"That the proceedings, hearings and commitment of the county court of Bryan County, Oklahoma, in the aforementioned case are irregular, void and not in conformity with the statutes of the State of Oklahoma, in such cases made and provided, in the following particulars, to wit:

"(a) That the parents of Claude Lee Baeza were not advised by the court that they were entitled to the counsel of an attorney at law before any hearing or action would be had by the court.

"(b) That the parents of Claude Lee Baeza were not advised by the court that they were entitled to have a trial by jury before any hearing or action would be had by the court.

"(c) That the parents of Claude Lee Baeza were denied their constitutional rights in a proceeding that

resulted in the confinement of their son and that they did not knowingly waive any of their constitutional rights.

"(d) That the parents of Claude Lee Baeza are uneducated and not versed in legal matters and that they did not know their rights until they saw a lawyer, subsequent to the time that the court alleges that said child was made a ward of the court.

"(e) That Gabriel Demetrio Baeza, father of Claude Lee Baeza, was born in Spain, and did not come to the United States till he was about twenty-one years of age, and that he does not fully understand his constitutional rights and that said court did not advise him as to his constitutional rights.

"10. That the proceedings, records, entries and commitments in the aforesaid case No. 738, of the county court of Bryan County, Oklahoma, are incomplete, irregular, void and not in conformity with the laws of this State.

"11. That all of the proceedings had in the aforementioned case in the County Court of Bryan County, Oklahoma, do not constitute a sufficient basis for the issuance of the commitment that placed the said Claude Lee Baeza in the State Industrial School at Helena, Oklahoma."

Attached to the petition are certain exhibits, as follows:

First: Copy of a letter written by W. H. Ritchey, county judge, addressed to Mrs. Baeza, 517 N. E. 5th Street, Durant, Oklahoma, dated October 14, 1946, which has reference to the necessity of her son, Claude Lee Baeza, the petitioner herein, attending school.

Second: Copy of the complaint filed in juvenile court on November 13, 1946. In this complaint, which was sworn to by Wanda M. Turner, advisor for the city public schools of Durant, it is alleged:

"That Claude does not attend school regularly and comes on the school ground at times then goes home without attending classes. When checked on at home is not there and his mother does not know where he is and seemly does not care, he is a bully with smaller children and in general has a bad influence on school attendance."

Third: A summons notifying Mrs. Baeza, the mother of Claude Lee Baeza, was shown to have been served on her on November 13, for her appearance before the county judge on November 15, 1946.

The record does not disclose what kind of a hearing was had on November 15, 1946, but on January 29, 1947, a petition was filed in the juvenile court signed by W. H. Ritchey, county judge of Bryan county. This petition alleged that Claude Lee Baeza was fourteen years of age, and was a ward of the juvenile court of Bryan county, and prayed that a summons and notice as required by law be issued, and that Claude Lee Baeza be committed to the care and custody of the Whitaker State Orphan Home, at Pryor, Oklahoma.

Fourth: On January 29, 1947, an order was made and entered by the juvenile court of Bryan county committing the said Claude Lee Baeza to the Whitaker State Orphan Home, at Pryor, Oklahoma, to remain there temporarily and subject to the orders of the county judge of Bryan county, or until discharged by the board of control of said institution. This order also recites that the father of Claude Lee Baeza was present at the time said order was entered.

Fifth. A receipt signed by T. M. Childers, Superintendent of Whitaker State Orphan Home, at Pryor, showing that Claude Lee Baeza was received there on January 30, 1947.

While the record is not very clear, it seems that Claude Lee Baeza appeared in the city of Durant about March 18, 1947. That his attorney immediately thereafter had a conference with the county judge of Bryan county, and the district judge, and advised them that it was believed that said child had been released from the Whitaker State Orpan Home, and that he was ready to file a petition for habeas corpus for his release. That soon thereafter and on March 21, 1947, the county judge entered an order in the juvenile court of Bryan county, finding that the petitioner herein had "escaped" from the Whitaker Orphan Home, and committing him to the State Industrial School for boys at Helena, Oklahoma, "to be safely kept under the direction of the Board of Control of State Charitable Institutions until discharged by due course of law." In this order it is recited that Mrs. Baeza, mother of the minor, was present in court. It is further recited therein:

"The court further finds, that the statements and all allegations contained in the petition are true; that said child has been committed to the State Orphan Home at Pryor, Oklahoma, and has escaped from same and is at home in Durant, Oklahoma and works on his father's trash wagon cleaning the alleys and rear of stores of refuse and trash and hauling same to the dump grounds of the city of Durant. * * *

"And whereas, on the 18th and 19th *day* of March, 1947, said child did break said parole by knowingly and unlawfully *remaining* out of school and in violation of an agreement entered into between his and his parents attorney and the county judge that the child would return to his class in school and remain in daily attendance unless excused by illness; that the child's parents at once violated said agreement and *has* continued the violation and kept *said at* work."

As stated in the Hollowell case, supra, "the records of the juvenile court of Bryan county are not as full and complete as they should have been." It appears that either the father or the mother was summoned to appear at each hearing, however, and that at least one of them was present in court at the time the order was made committing the said Claude Lee Baeza. There is nothing in the record which shows that a demand was made for trial by jury, as provided by the statute (Tit. 10 O. S. 1941 § 102). It will, therefore, be considered waived. While the record is not complete, it reveals that the minor had left or escaped from Pryor, and had returned to his home in Durant. A hearing was then had, and on March 21, 1947, he was committed to the State Industrial School for Boys at Helena, as above stated.

We do not find that Claude Lee Baeza has been deprived of any of his constitutional or statutory rights, and find that the petition for writ of habeas corpus should be denied. It is so ordered.

JONES and BRETT, JJ., concur.