## Ex parte BIRCHFIELD.

No. A-11256.   Nov. 23, 1949.

(212 P. 2d 145.)

W. O. Moffett, Tulsa, for petitioner.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, J.   This is an original action wherein the petitioner Moody Mae Reynolds Birchfield seeks to obtain a writ of habeas corpus directed to Merle E. Fuller, superintendent of Girls Town, State Industrial School, Tecumseh, Okla., by whom petitioner alleges she is unlawfully restrained of her liberty.

In her petition she alleges that she was born on March 5, 1933, that on March 4, 1949, the juvenile court of Tulsa county, Okla., entered its order adjudging her to be a juvenile delinquent and committing her to Girls Town State Industrial School as aforesaid. That on the 5th day of March, 1949, she was delivered to the aforesaid institution, said date being the date on which she reached the 16th year of her birthday. She contends that the order of commitment is contrary to law, for the reason that the court had no jurisdiction to commit her to said institution, she being 16 years of age at the time of her delivery to the superintendent of said institution.

Next, she alleges that the order was void in that the court was without jurisdiction to adjudge her to be a juvenile delinquent and commit her to said school for the reason at the time said court assumed jurisdiction over her on February 28, 1949, she was a married woman and had been married since July 3, 1948.

To the petition the state responded in effect by general denial and affirmative allegation that petitioner was being detained as by law provided.

The petitioner's first contention is without merit, for the reason that the juvenile court acquired jurisdiction over the petitioner upon her being adjudged a juvenile delinquent, which adjudication occurred on March 4, 1949, one day before she reached her 16th birthday. Such action was taken in conformity with Title 10 O. S. A. 1941 § 101, reading in part as follows:

"This Article shall apply to any child under the age of sixteen years not an inmate of a State institution incorporated under the laws of this State." The juvenile court clearly had jurisdiction to make disposition of said juvenile as by law provided, she not having attained her 16th year. Title 10, § 111, O. S. A. 1941, provides

in substance "In the case of a delinquent child, * * * the court may commit the child * * * if a girl, to an industrial school for girls * * *." Title 10, § 112, O. S. A. 1941, provides in part "Every child who shall have been adjudged delinquent" may be "committed to an institution".

It is clear under the foregoing provisions that it was necessary that jurisdiction attach to the petitioner before reaching her 16th birthday for adjudication of her as a juvenile delinquent, Ex parte Lewis, 85 Okla. Cr. 322, 188 P. 2d 367, but it was not necessary that she be committed to an institution before reaching her 16th year. Under the court's continuing jurisdiction and the further provisions of Title 10, § 111, O. S. A. 1941, as amended in 1945, as follows: "In no case shall a child * * * be committed to an institution after such child has reached eighteen (18)", the petitioner's commitment to an institution might have been made after adjudication of juvenile delinquency at any time before she became 18 years of age. In making the foregoing contention apparently the said amendment was overlooked. The jurisdiction herein was well grounded, and the petitioner's contention in relation thereto is without merit.

The petitioner's next contention as to her marriage constituting a bar to her being adjudged a juvenile delinquent is likewise without merit. In Killian v. Burnham, 191 Okla. 248, 130 P. 2d 538, 539, the Oklahoma Supreme Court said:

"Does the fact of the marriage of the child remove her from the protection of the Juvenile Act, and deprive the court of jurisdiction to commit her as a delinquent child? We think not. We find nothing in the statute indicating an intention on the part of the Legislature to make such an exception. The first section (§ 101) provides that the act 'shall apply to any child under the

age of sixteen years not an inmate of a State institution incorporated under the laws of this State.' * * *

"Section 101 makes an exception in favor of those children who are inmates of a State institution. The Legislature having made no other exceptions, this court is not at liberty to make one. While the question is one of statutory construction, we point out that the majority view in other states is in harmony with our view. In re Hook, 95 Vt. 497, 115 A. 730, 19 A. L. R. 610; State ex rel. Foot v. District Court, 77 Mont. 290, 250 P. 973, 49 A. L. A. 398; 31 Am. Jur. 793; Richardson v. Browning, 57 App. D. C. 186, 18 F. 2d 1008. Petitioners cite Ex parte Lewis, 3 Cal. App. 738, 86 P. 996, which however, is in conflict with a later opinion of the same court in Ex parte Willis, 30 Cal. App. 188, 157 P. 819. * * *

"We conclude that Francis Wood was, on July 18, 1940, a 'child' as that term is used in the Juvenile Act, despite the fact that she was then married. Ex parte Rothrock, 19 Okla. Cr. 234, 199 P. 581."

With the foregoing interpretation of the statute we are in accord, and this contention is without merit.

Finally, the petitioner urges in her brief, her commitment is void for indefiniteness and uncertainty, as to period of time, since the commitment is for no definite period of time, but "until the further order of the court". This contention is controlled by Title 10, § 218, O. S. A. 1941, the partinent part of which reads as follows:

"Such commitment shall continue in force and effect until the girl so committed shall have arrived at the age of eighteen (18) years, unless sooner discharged as provided herein", Ex parte Sweeden, 84 Okla. Cr. 127, 179 P. 2d 695; Title 10, § 112, as to boys until they "shall have reached the age of twenty-one years", Ex parte Lewis, supra, unless sooner discharged by order of the court, Ex parte Wilkins, 78 Okla. Cr. 135, 145 P. 2d 438. Under the further provisions of Title 10, § 112, O. S. A. 1941,

not hereinbefore quoted in relation to wardship, it is provided every juvenile delinquent "committed to an institution, shall continue to be a ward of the court until such child shall have been discharged as such ward by order of the court, * * * and such court may during the period of wardship cause such child to be returned to the court for further or other proceedings, including parole, or release from an institution: * * *." .

It is apparent from the foregoing sections of the statute that a juvenile delinquent is not sentenced to serve a term of imprisonment within the meaning of the Juvenile Act. In fact, it has been held that such detention is not criminal nor penal, Ex parte Parnell, 19 Okla. Cr. 273, 200 P. 456; Ex parte Baeza, 85 Okla. Cr. 76, 185 P. 2d 242, and its design and restraint is not punishment, Killian v. Burnham, supra, but for correction and reformation, Wilson v. State, 65 Okla. Cr. 10, 82 P. 2d 308. It is apparent that an order of adjudication and commitment must therefore be distinguished from a judgment and sentence in a criminal case. An order of commitment in a juvenile case need not be for any definite period of time since when a boy or girl is in an institution and attains the ages of 21 and 18, respectively, by operation of law the juvenile court's jurisdiction would terminate. If reformation was effected before the age was attained, then the juvenile would be entitled to be released by further order of the court as in Title 10, § 112, O. S. A. 1941, provided. To commit a juvenile for a definite period of time would require the presumption that reformation could be attained in a definite period of time. Such a presumption certainly would be unwarranted, for it would not take into account the individual aptitude of some juveniles for reformation, and the inaptitude of others for reformation. Detention for a definite period would in many instances

defeat the object of the act, that is, prevent discharge upon reformation. It might also defeat the purpose of the act in effecting discharge before reformation. Moreover, the cases hold that under the foregoing provisions of the statute, the juvenile court has continuing jurisdiction over the ward. Ex parte Lewis, supra. This provision within itself is designed to effect the objective of the act, discharge upon reformation. If not, why continuing jurisdiction? It clearly appears to us that a commitment for a definite period of time in a juvenile case is not a necessary requirement of the act, and would in many instances defeat its purpose. While it might be better practice to commit a juvenile if a boy until he reaches 21 years of age or if a juvenile girl until she attains 18 years of age, certainly it is not error so not to do since the law places its own limitation upon detention, while providing for sooner discharge, Title 10, § 112, O. S. A. 1941, under order of the juvenile court. Therefore, based upon the plain provisions of the statute as to commitment and parole, the rule of liberal construction, Ex parte Lewis, supra, the failure to fix detention for a definite time in the order and the clause in the order of commitment "until the further order of this court," does not make said order void for indefiniteness or uncertainty, but is in keeping with the contingencies provided for in Title 10, § 112, O. S. A. 1941, and the spirit of the juvenile act. For all of the above and foregoing reasons, the writ of habeas corpus is accordingly denied.

JONES, P. J., and POWELL, J., concur.