THE COUNTY COMMISSIONERS OF HILLSBOROUGH COUNTY, *Plaintiffs in Error*, v. R. A. JACKSON, AS SHERIFF OF HILLSBOROUGH COUNTY, *Defendant in Error*.

1. The commissioners who compiled the General Statutes under the act of 1903 were authorized "to revise, simplify, arrange and consolidate all the public statutes of the State of Florida, which are general and permanent in their nature, and which shall be in force in this State at the time such commissioners

shall make their final report." Under this authority if repugnant provisions of prior statutes are compiled and adopted in the General Statutes it must be presumed that the repugnancy was overlooked and that it was the intention of the compilers and of the legislature to bring forward the latest expression of the legislative will.

2. Where there are two conflicting sections of a general compilation or code of statute laws, that section should prevail which is derived from a source that can be considered as the last expression of the lawmaking power in enacting separate statutes upon the same subject.

3. Sections 976 and 4108 of the General Statutes of the State of Florida are conflicting, and as section 976 was the latest expression of the legislature in enacting separate laws upon the same subject, such section 976 must prevail even though section 4108 appears in the General Statutes subsequent in place and numerical order.

This case was decided by Division A.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*H. C. Gordon, Victor Knight* and *D. A. DeVane,* for Plaintiffs in Error;

*F. M. Simonton* and *C. C. Whitaker,* for Defendant in Error.

WHITFIELD, C. J.—An alternative writ of mandamus was issued from the Circuit Court for Hillsborough County commanding the sheriff to allow C. F. Woolweaver to enter the jail of the county and feed the prisoners ac-

cording to a contract made under section 4108 of the General Statutes and existing between the said C. F. Woolweaver and the County of Hillsborough for feeding the prisoners, or to show cause for not doing so. A demurrer to the alternative writ was sustained and the proceeding dismissed. On writ of error it is urged that the court erred in sustaining the demurrer and dismissing the writ.

The question to be determined is whether the following provisions of sections 976 and 4108 of the General Statutes are so conflicting that one must give way to the other, and if so which shall prevail:

"4108. (3031.) Fees for keeping and providing for prisoners.—The fees of jailers shall be: For keeping and providing for prisoners, not more than thirty cents per day for each prisoner confined, but the county commissioners in counties having more than an average of ten prisoners may, if they shall deem it advisable, advertise for proposals for feeding prisoners and may contract for the feeding of the same to the lowest responsible bidder; for ironing and taking off irons from prisoners, fifty cents, except when prisoners are ironed or unironed in going to or returning from work performed or to be performed by direction of the county commissioners no charge shall be made; for medicines and medical service and attendance to prisoners, and amount of compensation allowed physicians' attendance on prisoners in jail such amount as may be allowed by the county commissioners; Provided, Such prisoners shall be acquitted and discharged, or shall be insolvent and unable to pay the same.

976. Fees for feeding prisoners.—The sheriff shall make out and present to the board of county commissioners, at any regular meeting thereof, his bill for fees for feeding prisoners and the period for which the charge is made, which fees shall be as follows: For feeding ten

prisoners or less, forty cents per day each; and for feeding all over ten prisoners thirty cents per day each; and it shall be the duty of said board to properly audit the same, and order a warrant drawn against the fine and forfeiture fund of the county for the sum found to be due."

Section 4108 was originally enacted in 1881. Section 976 was originally enacted in 1897. The commissioners who compiled the General Statutes under the act of 1903 were authorized "to revise, simplify, arrange and consolidate all the public statutes of the State of Florida, which are general and permanent in their nature, and which shall be in force in this State at the time such commissioners shall make their final report."

Under this authority if repugnant provisions of prior statutes are compiled and adopted in the General Statutes it must be presumed that the repugnancy was overlooked and that it was the intention of the compilers and of the legislature to bring forward the latest expression of the legislative will where irreconcilable inconsistency or repugnancy appears in different sections of the General Statutes, without reference to whether the latest statute appears first or last in the General Statutes. Steele v. State, 61 Ala. 213; Mobile Savings Bank v. Patty, 16 Fed. Rep. 751; Haritwen v. The Louis Olsen, 52 Fed. Rep. 652; Olsen v. Haritwen, 57 Fed. Rep. 845.

Where there are two conflicting sections of a general compilation or code of statute laws, that section should prevail which is derived from a source that can be considered as the last expression of the lawmaking power in enacting separate statutes upon the same subject. See Lamar v. Allen, 108 Ga. 158, 33 S. E. Rep. 958; 26 Am. & Eng. Ency. Law (2nd ed.) 735; Lewis' Suth, Stat. Con., (2nd ed.) § 281. See, also, Hall v. State, 39 Fla. 637, 23 South. Rep. 119; State v. Mulhern, 74 Ohio St. 363; 6 A. & E. Anno. Cas. 856.

The two sections above quoted are conflicting and as section 976 was the latest expression of the legislature in enacting separate laws upon the subject, it must prevail even though section 4108 appears in the General Statutes subsequent in place and numerical order. There is consequently no authority for making the contract, and the order dismissing the alternative writ is affirmed.

SHACKLEFORD and COCKRELL, JJ., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.