# ADKINS *v.* ARNOLD.

ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 52.   Submitted November 5, 1914.—Decided December 14, 1914.

Under § 16 of the Creek Indian Allotment Act of June 30, 1902, c. 1323, 32 Stat. 500, only allotments to living members of the tribe in their own right were subjected to restrictions upon alienation. Allotments on behalf of deceased members were left unrestricted. *Skelton* v. *Dill, ante,* p. 206.

In putting the laws of Arkansas in force in the Indian Territory by the acts of May 2, 1890, and February 19, 1903, Congress intended that those laws should have the same force and meaning that they had in Arkansas, and that they should be construed as they had theretofore been interpreted by the Supreme Court of that State. *Robinson* v. *Belt,* 187 U. S. 41.

Although the laws of Arkansas were put in force in the Indian Territory
by different acts of Congress, they were not adopted as unrelated but
as parts of a single system of laws, whose relative operation, as deter-
mined by the Supreme Court of Arkansas, had become an integral
part of them.

The Supreme Court of Arkansas having held prior to the acts of Con-
gress putting either section in force in the Indian Territory that
§ 4621, Mansfield's Digest was a later enactment than § 648 and su-
perseded it so far as they were in conflict, Congress must have in-
tended that those sections should be so regarded in the Indian Ter-
ritory, although § 648 was part of a chapter put in force by the later .
act of Congress.

32 Oklahoma, 167, affirmed.

THE facts, which involve the construction of statutes
relating to Creek Indian allotments and the laws of de-
scent applicable thereto, are stated in the opinion.

*Mr. Lewis C. Lawson* for plaintiff in error:

The deed to Arnold was null and void, because, under
the allegations in her said answers and cross complaints,
it was not made, executed or delivered to said Arnold;
plaintiff in error never received any consideration there-
for, or for said lands therein described; she at that time
was in possession of said lands and ever thereafter re-
tained such possession and claimed said lands as her own
in fee simple.

The deed bears date the fifteenth of January, 1907, and
said lands were allotted to the plaintiff in error under an
Act of Congress known as the Original Creek Agreement,
which put in force in the Indian Territory the Creek laws
of descent and distribution of said Creek Nation; and the
lands, being thus inherited by plaintiff in error from her
deceased daughter, were restricted in her hands under
that act, especially § 7 thereof and under § 16 of the
Supplemental Creek Agreement, which became effectual
on August 7, 1902; the deed was therefore null and void
when so made, because of such Acts of Congress.

The deed was absolutely null and void for the further reason that the same was not made or executed in the way and manner provided for in chapter 27, Statutes of Arkansas of 1884, and especially as therein provided for. in §§ 648 and 659, which chapter was put in force under an Act of Congress of February 19, 1903, the legal effect and consequence of which was discussed and considered in the opinion of said Supreme Court and by which plaintiff in error was denied her right, title and interest in the lands.

No appearance or brief filed for defendants in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is a suit to foreclose a mortgage upon real property, 80 acres of which was part of a Creek allotment. The allotment was made on behalf of Otheola Adkins after her death, which occurred in her infancy. Her mother was a Creek woman, duly enrolled as such, but her father was not a Creek citizen. The date of the allotment is not given, but it is conceded that the allotment passed a life estate or more to the mother and nothing to the father. After the allotment was completed and the usual tribal deed issued, the father and mother joined in executing and delivering a deed for the 80 acres to one Arnold, who in turn mortgaged it to the plaintiff. The mother was made a defendant to the suit and by her answer set up two defenses requiring notice here. One was to the effect that the deed to Arnold was made in violation of restrictions imposed by Congress upon the right to alienate the land, and therefore was void; and the other was to the effect that the deed did not satisfy the requirements of a law of Arkansas put in force in the Indian Territory by Congress, and therefore did not affect or pass her title. Upon a demurrer to the answer, which set forth the deed and the certificate of its ac-

knowledgment, these defenses were held not well taken
and there was a judgment for the plaintiff. The judgment
was affirmed by the Supreme Court of the State. 32
Oklahoma, 167.

Other rulings than those just mentioned were made in
the cause, but they need not be noticed, for no Federal
question was involved in them.

The claim that the deed to Arnold was made in violation
of existing restrictions rests upon the assumption that
§ 16 of the act of June 30, 1902, c. 1323, 32 Stat. 500,
imposed restrictions upon the alienation of all Creek
allotments. That this is an erroneous assumption is
shown in *Skelton* v. *Dill, ante,* p. 206. Only allotments to
living members in their own right were subjected to re-
strictions. Allotments on behalf of deceased members
were left unrestricted. Thus the mother was at liberty to
make a sale of her interest to Arnold if she chose.

A right appreciation of the claim respecting the in-
sufficiency of the deed involves a consideration of the acts
of Congress adopting and extending over the Indian
Territory certain statutes of Arkansas. The act of
May 2, 1890, c. 182, 26 Stat. 81, § 31, put in force, until
Congress should otherwise provide, several general laws of
Arkansas appearing in Mansfield's Digest of 1884, among
them being chapter 104 concerning the rights of married
women. Section 4621 of this chapter reads as follows:

"The real and personal property of any *femme covert* in
this State, acquired either before or after marriage,
whether by gift, grant, inheritance, devise or otherwise,
shall, so long as she may choose, be and remain her sep-
arate estate and property, and may be devised, bequeathed
or conveyed by her the same as if she were a *femme sole;*
and the same shall not be subject to the debts of her
husband."

The act of February 19, 1903, c. 707, 32 Stat. 841, put
in force chapter 27 of Mansfield's Digest of 1884 concern-

ing conveyances of real estate, in so far as it was applicable and not inconsistent with any law of Congress. Section 648 of this chapter declares:

"A married woman may convey her real estate or any part thereof by deed of conveyance, executed by herself and her husband, and acknowledged and certified in the manner hereinafter prescribed."

The deed to Arnold, if tested by § 4621 and the applicable decisions of the Supreme Court of Arkansas, was sufficient to pass the mother's title, but if tested by § 648, it probably was insufficient, because not acknowledged and certified in the manner contemplated by that section.

It is insisted that § 648 is inconsistent with § 4621 and should be treated as controlling because its adoption by Congress was the later in time. Assuming that the two sections are inconsistent as claimed, we think § 4621 is controlling. While both were embodied in the Arkansas compilation known as Mansfield's Digest of 1884, § 4621 was a later enactment than § 648 and superseded the latter in so far as they were in conflict. This was settled by the Supreme Court of the State before either section was put in force in the Indian Territory (*Bryan* v. *Winburn,* 43 Arkansas, 28; *Stone* v. *Stone, Id.* 160; *Criscoe* v. *Hambrick,* 47 Arkansas, 235), and we think Congress intended they should have the same force and meaning there that they had in Arkansas. See *Robinson* v. *Belt,* 187 U. S. 41, 47–48. Although put in force in the Indian Territory by different acts, they were not adopted as if they were unrelated but as parts of a single system of laws whose relative operation, as determined by the Supreme Court of Arkansas, had become an integral part of them. *Pennock* v. *Dialogue,* 2 Pet. 1, 18; *Cathcart* v. *Robinson,* 5 Pet. 264, 280. It was upon this theory that the Supreme Court of Oklahoma held the mother's deed sufficient.

*Judgment affirmed.*