## JAMES v. BOARD of COM'RS, McCURTAIN COUNTY.

No. 14890—Opinion Filed Oct. 7, 1924.

### 1. Counties—Deputies for County Treasurer—Statutes.

Section 6370, Comp. Stat. 1921, governs the number of deputies who may be employed in the office of the county treasurer, the compensation which should be paid them, and their manner of selection, except under special provisions relating to deputies in particular counties.

### 2. Statutes — Conflicting Provisions — Implied Repeal.

Where the plain and clear provisions of a subsequent Legislative act are repugnant to the provisions of a prior act, in the ab

sence of a repealing provision the conflicting provisions of the later act will be deemed to have repealed the repugnant parts of the prior act by implication.

### 3. Counties—Judgment for Deputy Treasurer's Salary Sustained.

Record examined; held, to support the judgment of the court in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, McCurtain County; George T. Arnett, Judge.

Action by Mayo James against the Board of County Commissioners of McCurtain County, for recovery of salary as deputy in the office of the county treasurer, at the rate of $100 per month. Judgment for plaintiff, for $50 per month. Plaintiff appeals Affirmed.

Tom Finney and I. C. Sprague, for plaintiff in error.

L. E. Mifflin, Co. Atty., and M. F. Hudson, Asst. Co. Atty., for defendant in error.

Opinion by STEPHENSON, C. According to the last federal census McCurtain county had a population of 37,905. On and prior to April 6, 1923, the county treasurer of McCurtain county, by and with the consent of the board of county commissioners, had employed a first deputy at a salary of $100 per month, and a second deputy at $75 per month. The county treasurer had also employed a third deputy at a salary of $100 per month. presumably upon the advice and consent of the board of county commissioners. On April 6, 1923, it appears that the board of county commissioners authorized the employment of the plaintiff as deputy county treasurer, who testified that he was directed by a member of the board to file his claim for services at the rate of $100 per month. The plaintiff commenced the performance of his duties on April 6th, and continued such services for the county in the treasurer's office to and including June 30, 1923. The plaintiff filed his claim with the board of county commissioners for the services performed during this period of time at the rate of $100 per month. The board disallowed the claim on account of the estimate for such services having been previously exhausted by the payment of other salaries for like services. At the time of the employment of the plaintiff there was an unexpended balance for the employment of extra clerks or deputies in the total sum of $300. It appears that the third man employed received a salary at the rate of $100 per month for the

three months period of time during which the plaintiff was in the employ of the defendant. The payment of such salary to the third deputy entirely exhausted the fund. After the disallowance of the plaintiff's claim the latter commenced his action in the district court for recovery of his salary at the rate of $100 per month. In the trial of the cause judgment went for the plaintiff in the sum of $50 per month, and he has appealed the cause to this court for review. The disposition of this appeal depends upon the construction of several sections of the statute relating to the salary of deputies in the office of the county treasurer. Section 6359, Comp. Stat. 1921, was enacted by the Territorial Legislature of Oklahoma in 1901. The section provides for an allowance of $900 per annum to county treasurers in counties having a population in excess of 25,000 for clerk hire. Among the several legislative acts relating to the salary of deputy treasurers, section 6359, supra, may be termed the basic provision in relation to this matter. The Legislature of 1909, apparently deeming the provision already made for the employment and compensation of deputies in the treasurer's office inadequate, supplemented the provision already made for such purposes by passing section 5938, Comp. Stat. 1921. The employment of additional clerks or deputies by the county treasurer was governed by the decision of the board of county commissioners, and the latter was authorized to fix the salary of such additional clerks by the terms of the section. The latter legislation was supplementary to section 6359, supra. Section 1 of the Session Laws of 1915, carried in Comp. Stat. 1921 as section 6370, provided that in counties of a population of more than 30,000, and not to exceed 50,000, the first deputy should receive a salary not to exceed $100 and the second deputy not to exceed $75 per month. The section further provides that each additional deputy should not be paid to exceed $50 per month. The provisions of section 6370, supra, in relation to the subject-matter provide an entirely new scheme for the employment and compensation of deputies in the office of the county treasurer. The provisions of the section are repugnant to the terms and provisions made by the two former sections in relation to the same subject-matter. The effect of such repugnant provisions of the later section is to repeal the two prior sections in relation to the employment and compensation of deputies in the treasurer's office. Dunlap v. Board of County Commissioners, Carter County, 85 Okla. 295, 205 Pac. 1100; City of Pawhuska v. Pawhuska Oil and Gas Co.,

64 Okla. 214, 166 Pac. 1058. By the provisions of section 6370, supra, the salary of $100 per month being paid to the third deputy was unlawful, and he was entitled to receive only $50 per month. At the time plaintiff was employed, the unexpended balance provided for the employment of additional clerks was ample to compensate the third man and the plaintiff for the remaining three months of the fiscal year. At the time the plaintiff entered into the contract with the defendant, if there remained an unexpended balance for additional clerk hire sufficient to compensate the person already employed, and the plaintiff at the salary prescribed by law, the county could not defeat the payment of the lawful salary of the plaintiff by diverting the funds, or by paying some clerk a sum of money in excess of the lawful rate. The salary which plaintiff was entitled to receive was at the rate of $50 per month, in accordance with the judgment found in his favor by the district court. City of Woodward v. Manhire Grate & Equipment Co., 98 Okla. 83, 224 Pac. 356.

The judgment being in accordance with the law and without error, it is recommended that the same be affirmed.

By the Court: It is so ordered.