## HINES et al. v. HARMON.

No. 25856.  Oct. 6, 1936.

W. L. Curtis and W. A. Carlile, for plaintiffs in error.

W. B. Wall, for defendant in error.

McNEILL, C. J.  This is a suit to recover damages for breach of warranty of title to real estate.

It is the third time the matters involved herein have come to this court.  See Harmon v. Nofire, 131 Okla. 1, 267 P. 650; Harmon v. Hines, 160 Okla. 120, 16 P. (2d) 94.

In the original suit George Killer recovered judgment against T. F. Harmon for an undivided interest in certain real estate, the title to which R. W. Hines had warranted to him by the terms of a warranty deed, and which, in turn, had been warranted to Hines.  Hines thereafter died, and plaintiffs in error, defendants below, as heirs of R. W. Hines, were notified to appear and defend in that action under the terms of said warranty deed.  This court, in 131 Okla., supra, sustained the action of the lower court and held that the heirs of a warrantor were not personally liable in case of the breach of a warranty, but were liable only to the extent that any property they had inherited from the warrantor was burdened with any claim for such breach, and that the heirs could not be brought into the case by notice, but must be summoned as provided in the general Code of Civil Procedure.  In that case the court announced the procedure which should be followed.

While that case was pending on appeal the instant case to recover damages for the breach of warranty was filed on November 17, 1923.  After this court delivered its opinion, plaintiff, in the present action, amended his petition in an endeavor to con-

form to this court's direction. The trial court sustained a demurrer to the amended petition, and an appeal therefrom was lodged in this court. This court, in 160 Okla., supra, reversed the action of the trial court, and then the case was tried on its merits. Now the defendants have appealed from the damages which were awarded to plaintiff arising from the breach of warranty.

The real question concerns the proper measure of plaintiff's damages, by reason of conflicting provisions in section 9687, O. S. 1931, and section 9967, O. S. 1931.

A jury was waived and the case was tried to the court. The court found, in part, material to our consideration, that after the conveyance of said real estate to T. F. Harmon and before the said action was brought by George Killer, the said T. F. Harmon placed upon said real estate improvements of the value of $600, and from the one-fourth interest in said improvements he was also evicted by said judgment: that Harmon resisted and contested said judgment to the best of his ability and in so doing procured from the Superintendent of the Five Civilized Tribes at Muskogee enrollment records of the Indians involved in said action for which he paid the sum of $12.50; that he expended the sum of $100 as an attorney's fee in said action; that the consideration received by said R. W. Hines for his conveyance of said real estate to W. R. Gragg was $1,050, one-fourth of which was lost by the plaintiff in said eviction; that the law of the state governing the amount of the plaintiff's recovery is section 9687, O. S. 1931 (section 5264, C. O. S. 1921) ; and that the plaintiff was entitled to recover the items above mentioned, amounting to $525, with interest at 10 per cent. from June 13, 1921, until paid.

The court further found that the defendants, as the heirs of said R. W. Hines, inherited the said real estate subject to any established claim against the estate, and upon the eviction of plaintiff from said real estate, plaintiff's claim became a lien upon the real estate belonging to R. W. Hines. Judgment was rendered in accordance with said findings.

Plaintiffs in error contend that the trial court erred in holding that plaintiff's recovery is fixed by section 9687, O. S. 1931 (section 5264, C. O. S. 1921), and that plaintiff's right of recovery is governed by section 9967, O. S. 1931 (section 5980, C. O. S. 1921), and that by applying said section 9967, O. S. 1931, the three items in the

judgment, $150 for improvements, $12.50 for enrollment records, and the interest item, were erroneously entered.

Section 9687, O. S. 1931, must be considered in connection with sections 9685 and 9686, O. S. 1931, and such sections are as follows:

"Sec. 9685. In all cases where there is a recovery of land or any interest therein, adverse to any warranty deed thereto, the judgment by which such recovery is had shall not be effective, or become the basis of an action, against previous grantors, other than those who are parties thereto, or have been notified in writing of the pendency thereof 20 days before such judgment is entered.

"Sec. 9686. In all cases where an action is brought against a grantee to recover real estate conveyed to him by warranty deed he must notify the grantor, or person bound by the warranty, that such suit has been brought, at least 20 days before the day of trial, which notice shall be in writing and shall request such grantor or other person to defend against such action; and in case of failure to give such notice there shall be no further liability upon such warranty, except when it is clearly shown that it was impossible to make service of such notice.

"Sec. 9687. Where any grantor applies in any action to defend his warranty or fails to appear after due notice, the court shall determine all the rights of all parties, and in case the recovery is adverse to the warranty, the warrantee shall recover of the warrantor the price of the land paid for the conveyance at the time of the warranty, the value of all improvements lost, if any, and all sums necessarily expended, including a reasonable attorney fee, and interest at the rate of ten per centum per annum on all sums so paid from the time of payment."

Said section 9967, O. S. 1931, is as follows:

"The detriment caused by the breach of a covenant of seizin, of right to convey, of warranty, or of quiet enjoyment, in a grant of an estate in real property, is deemed to be:

"First. The price paid to the grantor, or, if the breach is partial only, such proportion of the price as the value of the property affected by the breach bore, at the time of the grant, to the value of the whole property.

"Second. Interest thereon for the time during which the grantee derived no benefit from the property, not exceeding six years; and,

"Third. Any expenses properly incurred

by the covenantee in defending his possession."

Said section 9967, O. S. 1931, was section 2623, Statutes of 1890, section 2621 of Statutes of 1893, and became section 2856, R. L. 1910. Said sections 9685, 9686, and 9687, O. S. 1931, were first enacted as a part of chapter 8, S. L. 1897. All of these statutes were part of the Statutes of Oklahoma Territory when the state was admitted into the Union, and by section 2 of the Schedule to the Constitution became statutes of the state on November 16, 1907. Said section 9967 was taken from the Dakota Territory and was enacted by our Territorial Legislature in 1890. Said sections 9685, 9686, and 9687 were passed as a part of a new and original act by the Territorial Legislature on March 12, 1897. All of these statutes were made a part of the Revised Laws of 1910. Both said section 9687 and said section 9967, in effect, provide, as an element of damages, that the warrantee may recover expenses properly expended in defending the action brought against him. The item of $12.50 for enrollment records was a proper item of damages under section 9967. Section 9687 provides for "interest at the rate of ten per centum on all sums so paid from the time of payment." Section 9967 provides for interest "for the time during which the grantee derived no benefit from the property, not exceeding six years."

It is the contention of the defendant in error, plaintiff below, that, if it be held that there is a conflict between said sections 9687 and 9967, said section 9687, having been enacted in 1897 at a later date than section 9967, which was enacted in 1890, would effect a modification of said section 9967 in so far as said section is in conflict with section 9687. Such is the rule. Ex parte Martin, 6 Okla. Cr. 224, 118 P. 155; School District No. 7 of Johnston County v. Cunningham, 51 Okla. 261, 151 P. 633; James v. Board of County Commissioners of McCurtain County, 103 Okla. 141, 229 P. 554.

It is also the contention of plaintiffs in error that both of these statutes, having been brought into the Revised Laws of 1910, have an equal status as having been simultaneously passed. The authorities do not sustain this contention, but hold to the contrary. 59 C. J. 928; 25 R. C. L. 925; Wright v. Oakley (Mass.) 5 Metcalf, 400; Scheftels v. Tabert, 46 Wis. 439, 1 N. W. 156; State v. Wimpfheimer, 69 N. H. 166, 38 A. 786; Commonwealth v. McNamara,

93 Pa. Super. 267; Jesse v. De Shong (Tex. Civ. App.) 105 S. W. 1011; State v. Prouty, 115 Iowa, 657, 84 N. W. 670; Pratt v. Swan, 16 Utah, 483, 52 P. 1092; State v. Ward (Mo.) 40 S. W. (2d) 1074; Hillsborough County Commissioners v. Jackson, 58 Fla. 210, 50 So. 423; Adkins v. Arnold, 235 U. S. 417, 35 S. Ct. 118, 59 L. Ed. 294.

In 59 C. J. 928, it is said:

"A revision of a statute by re-enactment of a previous statute operates as a continuance of the former, instead of as a repeal and new enactment."

In 25 R. C. L. 925, it is said:

"It has been held that where two inconsistent statutes are carried into the codified law, the one last passed, which is the later declaration of the legislative will, should prevail."

In Wright v. Oakley, supra, the Supreme Court of Massachusetts said:

"In construing the Revised Statutes and the connected acts of amendment and repeal, it is necessary to observe great caution, to avoid giving an effect to these acts which was never contemplated by the Legislature. In terms, the whole body of the statute law was repealed; but these repeals went into operation simultaneously with the Revised Statutes, which were substituted for them, and were intended to replace them, with such modifications as were intended to be made by that revision. There was no moment in which the repealing act stood in force without being replaced by the corresponding provisions of the Revised Statutes. **In practical operation and effect, therefore, they are rather to be considered as a continuance and modification of old laws, than as an abrogation of those old, and the re-enactment of new ones.** In order to construe them correctly, we must take the whole of the Revised Statutes, together with the act of amendment and the repealing act, and consider them in reference to the known purposes which the Legislature had in view in making the revision." (Emphasis ours.)

In the case of Hillsborough County Com'rs v. Jackson, supra, the Supreme Court of Florida said:

"Where there are two conflicting sections of a general compilation or code of statute laws, that section should prevail which is derived from a source that can be considered as the last expression of the lawmaking power in enacting separate statutes upon the same subject."

The Supreme Court of the United States in Adkins v. Arnold, supra, considered section 4621 of chapter 104 and section 648 of

4

chapter 27 of Mansfield's Digest of 1884 of Arkansas; the said section 4621 having been put into effect by the Act of Congress of May 2, 1890, c. 182, 26 Stat. 81, section 31, and said section 648 having been put into effect by the Act of February 19, 1903, c. 707, 32 Stat. 841. The court said:

"It is insisted that section 648 is inconsistent with section 4621, and should be treated as controlling because its adoption by Congress was the later in time. Assuming that the two sections are inconsistent, as claimed, we think section 4621 is controlling. While both were embodied in the Arkansas compilation known as Mansfield's Digest of 1884, section 4621 was a later enactment than section 648, and superseded the latter in so far as they were in conflict. This was settled by the Supreme Court of the state before either section was put in force in the Indian Territory (Bryan v. Winburn, 43 Ark. 28; Stone v. Stone, 43 Ark. 160; Criscoe v. Hambrick, 47 Ark. 235), and we think Congress intended they should have the same force and meaning there that they had in Arkansas. See Robinson v. Belt, 187 U. S. 41, 47, 48, 47 L. Ed. 65, 68, 69, 23 Sup. Ct. Rep. 16. Although put in force in the Indian Territory by different acts, they were not adopted as if they were unrelated, but as parts of a single system of laws whose relative operation, as determined by the Supreme Court of Arkansas, had become an integral part of them. Pennock v. Dialogue, 2 Pet. 1, 18, 7 L. Ed. 327, 333; Cathcart v. Robinson, 5 Pet. 264, 280, 8 L. Ed. 120, 126. It was upon this theory that the Supreme Court of Oklahoma held the mother's deed sufficient."

It is apparent that 9687, O. S. 1931, the later statute, is in conflict with section 9967, O. S. 1931, in the following respects, to wit: The value of improvements, attorneys' fees, and interest, being the items involved in the present action, and to that extent said section 9687 supersedes and modifies said section 9967.

The trial court properly held that section 9687, O. S. 1931, was the statute governing plaintiff's recovery and that he should recover for the item for improvements placed on the land during his occupancy thereof and for the item of interest of 10 per centum on the sums paid out, aggregating $525.

The judgment is affirmed.

OSBORN, V. C. J., and RILEY, CORN, and GIBSON, JJ., concur.