Ex parte JUANITA THELMA SWEEDEN.

No. A-10847.    April 16, 1947.

(179 P. 2d 695.)

128

Charles D. Crandall and John Worley, both of Oklahoma City, for plaintiff.

Mac Q. Williamson, Atty. Gen., and L. A. Wallace, Asst. Atty. Gen., for defendant.

JONES, J.   This is an original proceeding in habeas corpus instituted by the petitioner, Juanita Thelma Swee-

den, to secure her release from confinement in the State Industrial School for White Girls at Tecumseh.

The verified petition alleges that the petitioner was adjudged a delinquent minor in November, 1945, and was committed by the county court of Bryan county to the State Industrial School for White Girls on April 18, 1946. The petition further alleges that the petitioner became 18 years of age on January 18, 1947, but that the superintendent of said Industrial School refused to release her from said institution after she became 18 years of age and that she is still confined at said institution.

The verified petition further alleges that the restraint is illegal and unauthorized in that the statutes of Oklahoma do not authorize the continued confinement of a female after she has arrived at the age of 18 years.

The superintendent of the State Industrial School for White Girls filed a response to the petition in which she admitted that the petitioner was 18 years of age on January 18, 1947, and alleges that she is detained in her institution as a ward of the county court of Marshall county, Oklahoma; that by virtue of section 112, Tit. 10, O. S. 1941, the county court of Marshall county having adjudged the petitioner a delinquent when she was 17 years of age has continuing jurisdiction over such delinquent until she arrives at the age of 21 years, and that by reason thereof the detention of the petitioner under the order of the county judge of Marshall county is legal, and that said petition should be denied.

This court assumed original jurisdiction to determine the question presented by reason of the apparent conflict in the statutes as to whether a female who has been adjudged a juvenile delinquent while under the age of 18 years may still be restrained of her liberty and confined.

in an institution after she has reached her majority, or 18 years of age.

The statute under which the respondent claims authority for restraining the petitioner after she becomes 18 years of age reads as follows:

"Every child who shall have been adjudged delinquent, whether allowed to remain at home, or placed in a home, or committed to an institution, shall continue to be a ward of the court until such child shall have been discharged as such ward by order of court, or shall have reached the age of twenty-one years, and such court may during the period of wardship cause such child to be returned to the court for further or other proceedings, including parole, or release from an institution." Tit. 10 § 112, O. S. 1941.

This statute was adopted by the Legislature in 1909 and was set forth as section 4424 in the Revised Laws of 1910.

At the 1909 Legislative Session there was also passed an act pertaining to the commitment of boys and girls to the state institutions, which statute is now Tit. 10, § 238, O. S. 1941, and provides:

"It shall be the duty of said Board of Control to receive to the extent of the means placed at its disposal and conditions afforded by the buildings belonging to said school, all persons committed to its care and guardianship under the provisions of this Article, and all boys committed thereto shall be committed until they arrive at the age of twenty-one years unless sooner reformed. And all girls committed thereto shall be committed until they arrive at the age of eighteen years unless sooner reformed."

In 1917, the Legislature adopted a new chapter pertaining to the State Industrial School for White Girls and among the different paragraphs of said chapter which

became a law at that time appears the following, Tit. 10 § 218, O. S. 1941:

"It shall be the duty of the superintendent to receive to the extent of the means placed at his or her disposal and the conditions afforded by the buildings belonging to said institution, all girls committed to its care and guardianship under the provisions of this act. Such commitment shall continue in force and effect until the girl so committed shall have arrived at the age of eighteen (18) years, unless sooner discharged as provided herein."

It is the contention of the petitioner that the passage by the Legislature of the act, Tit. 10 § 238, O. S. 1941, supra, shows that the Legislature never intended to vest the juvenile court with authority to control the custody and habits of a mature adult and it is further reasoned in petitioner's brief that the passage by the Legislature of the act in 1917, Tit. 10 § 218, O. S. 1941, repealed by implication any authority which had existed prior thereto attempting to vest jurisdiction in the county court over females after they have arrived at the age of 18 years.

We are in agreement with the contention of counsel for petitioner, although this court, by way of dicta in the case of Ex parte Wilkins, 78 Okla. Cr. 135, 145 P. 2d 438, indicated that where a female child is once adjudged a delinquent, the county court has a continuing jurisdiction over such child as a ward of the court until she reaches the age of 21 years. In the Wilkins case, the two statutes relied upon by petitioner were not considered in connection with Tit. 10 § 112, O. S. 1941, and the statement of the court in the Wilkins case pertaining to the alleged continuing jurisdiction of the county court over a female after she arrives at the age of 18 was dicta, and does not control in the disposition of the instant case.

We are familiar with the oftannounced rule that repeals of statutes by implication are not favored, but it is also well settled that the Legislature may, within constitutional limitations, express its will in any form which it sees fit and a repeal is effected where the intent to repeal is clearly evidenced; and where two statutes cover the same subject and the statute last adopted is repugnant to and irreconcilable with the provisions covering the same subject in the first statute, the latest expression of the Legislature will govern. City of Pawhuska v. Pawhuska Oil & Gas Company, 64 Okla. 214, 166 P. 1058; James v. Board of Commissioners of McCurtain County, 103 Okla. 141, 229 P. 554; Hines et al. v. Harmon, 178 Okla. 1, 61 P. 2d 641.

The duties of the respondent as superintendent of the school are fixed by statute, and under the express provision of the 1917 Act, Tit. 10 § 218, O. S. 1941, she has no authority to detain petitioner in the institution after she has arrived at the age of 18 years. All through the various acts pertaining to juveniles and the duties of the Board of Affairs and the State Superintendent in connection therewith, with the single exception of the language used in Tit. 10 § 112, O. S. 1941, supra, there is shown the singleness of purpose of the Legislature to restrict the authority of the county court and State Superintendent of the Industrial School for White Girls to those girls who are minors, that is under the age of 18 years.

Tit. 15 § 13, O. S. 1941, defines minors:

"Minors except as otherwise provided by law are:

"1.  Males under twenty-one years of age.

"2.  Females under eighteen years of age.

"The periods thus specified must be calculated from the first minute of the day on which persons are born to

the same minute of the corresponding day completing the period of minority."

All other persons are adults, Tit. 15 § 14, O. S. 1941.

Tit. 10 § 111, O. S. 1941, as amended by the Legislature in 1945, provides:

"In no case shall a child * * * be committed to an institution after such child has reached eighteen (18)."

While the Legislature as shown by the statutes above quoted could have authorized the commitment of boys to the State Training School for Boys until they arrived at the age of 21 years, they have restricted the commitment of girls to the State Industrial School until they arrive at the age of 18 years.

If we should sustain the contention of the respondent, a curious anomaly would result. After a girl attains the age of 18 years, she becomes an adult, and as such she can make legal contracts, including a contract of marriage. She may engage in her own business, travel when and where she pleases within the United States, and can do the many innumerable things an ordinary adult can do.

If this court should hold that under the statutes girls should be released from the state institution when they reach the age of 18 years, but that they should be sent back to the county court from which they had been committed where the county court could exercise a continuing jurisdiction for three more years, until they reach the age of 21 years, then the question arises as to what recourse the county court would have against the mature woman who should refuse to obey his orders. Suppose the adult person sent back by the state institution to the county court married without permission or approval of said court, or assume that the mature woman decided to leave the juris-

diction of the juvenile court, what could the court do? The adult woman of 18 could not be prosecuted as a delinquent child, and it is clear that the juvenile court would be impotent to act under any of such circumstances. Of course, if the person on attaining her majority commits any crime, she is subject to trial and punishment for such offense the same as any other adult.

The Legislature in the exercise of its wisdom and discretion has fixed the age of 18 years as the time when a female attains her majority. She then is no longer subject to parental control. She has freedom of action and subject to the lawful restraints placed on all other citizens may engage in any profession she sees fit to follow. Being an adult, she can no longer be tried on a charge of juvenile delinquency; although, she might commit acts which would result in her prosecution under the criminal laws with a consequent more serious penalty than would have been entailed under the statutes pertaining to juveniles.

It is our conclusion that Tit. 10 § 112, O. S. 1941, in so far as it purports to give the county court continuing jurisdiction over females after they become 18 years of age was repealed by implication by the passage of the 1917 legislative act now known as Tit. 10 § 218, O. S. 1941, and that by reason thereof the superintendent of the State Industrial School for White Girls is without authority to restrain a female after she arrives at the age of 18 years.

It is therefore ordered that the writ of habeas corpus be issued and that the respondent, superintendent of the State Industrial School for White Girls, forthwith discharge the petitioner, Juanita Thelma Sweeden, from custody in said institution.

BAREFOOT, P. J., and BRETT, J., concur.