## Ex parte JAMES F. BURNS.

No. A-11158.   Jan. 26, 1949.

(202 P. 2d 433.)

Milton Keen, of Clinton, for petitioner.

Mac Q. Williamson, Atty. Gen., for respondent.

JONES, P. J. This action in habeas corpus was instituted by the petitioner, James F. Burns, in an effort to secure his release from confinement in the Oklahoma State Reformatory at Granite.

The verified petition alleges that on April 4, 1947, the petitioner entered pleas of guilty to two separate charges of burglary in the second degree in the district court of Kay county, and was sentenced to serve a term of two years' imprisonment in the State Penitentiary at McAlester in one of said cases, and a term of two years and six months in the State Penitentiary at McAlester in the other case, said sentences to be consecutive and not concurrent; that thereafter the petitioner was delivered to the warden of the State Pententiary at McAlester, where he commenced the service of said sentences; that on November 22, 1947, without the consent and against the will of petitioner, he was transported and removed from the State Penitentiary at McAlester to the State Reformatory at Granite where he has since been confined and restrained of his liberty.

The petition further alleges that the petitioner under the laws of Oklahoma is not the type and kind of a person who can be kept and confined at said reformatory for the reason that he is a confirmed criminal, and an habitual violator of the criminal laws; that he has been convicted of felonies on four different occasions.

This case is controlled by the decision of the Criminal Court of Appeals in the case of Ex parte Olden, 88 Okla. Cr. 56, 1948, 199 P. 2d 228, 229.

The syllabus of the points of law determined by that case is as follows:

"Where the Legislature takes up a whole subject anew, and covers the entire ground of the subject matter of a former statute, and evidently intend it as a substitute for it, the prior act will be repealed thereby, although there may be no express words to that effect, and there may be in the old act provisions not embraced in the new.

"In construing two statutes relating to same subject, later statute purporting to revise entire subject matter and containing additional provisions for carrying into effect same objects, will be construed to repeal by implication the former statute although no reference is made thereto.

"Chapter 57, Session Laws 1915, a comprehensive act defining and regulating penal institutions in the State of Oklahoma, providing for the transfer of prisoners, and conferring certain authority upon the State Board of Public Affairs, repeals by implication, Chapter 217 of the Session Laws 1913, which likewise dealt with the same subject matter covered by the 1915 act.

"Where one was authorized to codify existing laws but the authority was expressly withheld to include any statute which had been 'repealed' or 'held unconstitutional by the highest courts,' and such a statute was inadvertently included, adoption of statutes did not have effect of validating the statute inadvertently included.

"Section 7, Chapter 217, Session Laws 1913 being repealed by Chapter 57, Session Laws 1915, the inclusion of said section in the 1941 statutes, Section 105, Tit. 57 O.S. 1941, did not have the effect of validating the statute inadvertently included.

"The construction placed on statutes or constitutional provisions by officers in the discharge of their duties, either at or near the time of the enactment, which has been long acquiesced in, is a just medium for its judicial interpretation.

"Administrative construction by State Board of Public Affairs acting under opinion of Attorney General concerning statute authorizing transfer of prisoners from one penitentiary to another which has been acquiesced in by the Legislature for a period of over thirty years is entitled to great weight in interpreting said statute.

"All persons convicted of a felony shall be by the trial judge sentenced to serve such term for which he shall have been convicted to the nearest State Penitentiary. Section 133, Tit. 57 O.S. 1941.

"Under the statute, Tit. 57 O.S. 1941 § 132, the State Board of Public Affairs in its discretion may transfer prisoners from the State Penitentiary at McAlester to the Reformatory at Granite and may likewise transfer prisoners from the Reformatory at Granite to the Penitentiary at McAlester; to separate the confirmed and incorrigible criminals from those who do not require the restriction placed around them that the confirmed criminal requires. The only provision is that the authority thus given to transfer prisoners shall never be used to impair the efficiency, or to destroy either of said penal institutions.

"Where the State Board of Public Affairs makes transfer of prisoners within its discretionary power, granted by the legislature, such transfer constitutes a valid exercise of administrative power and is not a judicial act.

"The case of Ex parte Neighbors, 85 Okla. Cr. 183, 187 P. 2d 276, is expressly overruled in so far as it conflicts with the views expressed in this opinion." ·

In addition to what we have said in Ex parte Olden, supra, attention is also directed to the fact that section 105 of Tit. 57 Okla. Statutes 1941, which was section 7 of the 1913 act, is in plain and irreconcilable conflict with section 133 of said Title 57 Okla. Statutes 1941. Since said section 133 of Title 57 was adopted in 1915 and amended by said 1917 act as pointed out in the opinion in Ex parte Olden, supra, the rule of law set forth by the Supreme Court of Oklahoma in the case of Hines v. Harmon, 178 Okla. 1, 61 P. 2d 641, 644, will apply.

In that opinion the Supreme Court stated:

"It is the contention of the defendant in error, plaintiff below, that, if it be held that there is a conflict between said sections 9687 and 9967 [16 O.S. 1941 § 24; 23 O.S. 1941 § 25], said section 9687, having been enacted in 1897 at a later date than section 9967, which was enacted in 1890, would effect a modification of said section 9967 in so far as said section is in conflict with section 9687. Such is the rule. Ex parte Martin, 6 Okla. Cr. 224, 118 P. 155; School District No. 7 of Johnston County v. Cunningham, 51 Okla. 261, 151 P. 633; James v. Board of County Commissioners of McCurtain County, 103 Okla. 141, 229 P. 554.

"It is also the contention of plaintiffs in error that both of these statutes, having been brought into the Revised Statutes of 1910, have an equal status as having been simultaneously passed. The authorities do not sustain this contention but hold to the contrary. 59 C.J. 928; 25 R.C.L. 925; Wright v. Oakley, 5 Metc., Mass., 400; Scheftels v. Tabert, 46 Wis. 439, 1 N.W. 156; State v. Wimpfheimer, 69 N.H. 166, 38 A. 786; Commonwealth v. McNamara, 93 Pa. Super. 267; Jessee v. De Shong (Tex. Civ. App.) 105 S.W. 1011; State v. Prouty, 115 Iowa, 657, 84 N.W. 670; Pratt v. Swan, 16 Utah, 483,

52 P. 1092; State v. Ward, 328 Mo. 658, 40 S.W. 2d 1074; Hillsborough County Commissioners v. Jackson, 58 Fla. 210, 50 So. 423, 424, 138 Am. St. Rep. 110, 19 Ann. Cas. 148; Adkins v. Arnold, 235 U.S. 417, 35 S. Ct. 118, 119, 59 L. Ed. 294.

"In 59 C.J. 928, it is said: 'A revision of a statute by re-enactment of a previous statute operates as a continuance of the former, instead of as a repeal and new enactment.'

"In 25 R.C.L. 925, it is said: 'It has been held that where two inconsistent statutes are carried into the codified law, the one last passed, which is the later declaration of the legislative will, should prevail.' * *

"In the case of Hillsborough County Commissioners v. Jackson, supra, the Supreme Court of Florida said: 'Where there are two conflicting sections of a general compilation or code of statute laws, that section should prevail which is derived from a source that can be considered as the last expression of the lawmaking power in enacting separate statutes upon the same subject.'

"The Supreme Court of the United States in Adkins v. Arnold, supra, considered section 4621 of chapter 104 and section 648 of chapter 27 of Mansfield's Digest of 1884 of Arkansas; the said section 4621 having been put into effect by the Act of Congress of May 2, 1890, c. 182, 26 Stat. 81, § 31, and said section 648 having been put into effect by the Act of February 19, 1903, c. 707, 32 Stat.. 841. The court said: 'It is insisted that § 648 is inconsistent with § 4621 and should be treated as controlling because its adoption by Congress was the later in time. Assuming that the two sections are inconsistent, as claimed, we think § 4621 is controlling. While both were embodied in the Arkansas compilation known as Mansfield's Digest of 1884, § 4621 was a later enactment than § 648, and superseded the latter in so far as they were in conflict.' "

The writ of habeas corpus is denied.

BAREFOOT and BRETT, JJ., concur.