License — Hunting — Fishing — Disabled Veterans-Exempt Title 29 O.S. 252 [29-252] (1968), being the later expression of legislative will, is controlling; and all disabled veterans shall be exempt from the license. The Attorney General has had under consideration your letter of March 15, 1968, in which you ask: "Within the intent of Oklahoma State Statutes, 1967 Supplement, Title 29, Section 252, does this supersede or repeal Title 29, Section 213? "In other words, may hunting and fishing licenses, effective January 2, 1968, be issued to any disabled veteran regardless of his degree of disability?" 29 O.S. 213 [29-213] (1961), originally passed in 1951 (Laws 1951, p. 76, Section 213) and amended in 1953 (Laws 1953, p. 124, Section 1), states: "The following persons shall not be required to purchase or hold a license to hunt or fish in this state: "(2) Honorably discharged veterans of any of the Armed Forces of the United States who are duly enrolled on the records of the United States Veterans' Administration as disabled to the extent of sixty percent (60%) or more . . . ." The new statute, 29 O.S. 252 [29-252] (1967), states in part: "(a) Except as otherwise provided in this Chapter, no person sixteen (16) years of age or older shall fish, trap, hunt, pursue, harass, catch, kill, take or attempt to take in any manner or use or have in possession, or sell or transport all or any portion of any wild animal, bird, game or fish, the protection of which is desirable for the conservation of the resources of this state, without first procuring a license to do so; provided, however, that any person over the age of sixty-five (65) years and all disabled veterans shall be exempt from the license requirements of this Act O.S.L. 1967, c. 336 ." The Court of Criminal Appeals in the case of Ex Parte Olden, 88 Okl.Cr. 56, 199 P.2d 228, stated in the syllabus: "In construing two statutes relating to the same subject, later statute purporting to revise entire subject matter and containing additional provisions for carrying into effect same objects, will be construed to repeal by implication the former statute although no reference is made thereto." In Ex Parte Burns,88 Okl.Cr. 270, 202 P.2d 433, the same court said in the syllabus: "Where two conflicting and inconsistent statutes are carried into the codified law, the one last passed, which is the later declaration of the legislative will, should prevail." It is clear that 29 O.S. 213 [29-213] (1961), and the later 29 O.S. 252 [29-252] (1967), are conflicting in that the later provision applies to disabled veterans regardless of the extent of disability, and in light of the cases quoted above, the later provision must prevail to the extent of the conflict. It is the opinion of the Attorney General, then, that 29 O.S. 252 [29-252] (1967), being the later expression of legislative will, is controlling; and all disabled veterans shall be exempt from the license requirement for fishing and hunting in Section 252, supra. (Sam I. Hellman)