** Summary ** RECODIFICATION DOES NOT VALIDATE REPEALED STATUTE The "thirty month" limitation set forth in Section 62 O.S. 430.2 [62-430.2] is not in force and effect even though such limitation was included in the 1971 compilation and codification of the general and permanent laws of Oklahoma. The Attorney General has considered your request for an opinion pertaining to Title 62 O.S. 430.1 [62-430.1] and 62 O.S. 430.12 [62-430.12] (1971) wherein you asked in your letter: "Whether the 'thirty month' limitation set forth in Section 430.2 is in force and effect since such limitation was included in the 1971 compilation and codification of the general and permanent laws of Oklahoma." Title 62 O.S. 430.1 [62-430.1] (1971), originally passed as House Bill No. 278 in 1945, stated: "Section 1. The Board of County Commissioners of any county, the Governing Board of any city or town, the School Board or Board of Education of any school district, is hereby authorized to rent on a monthly basis, respectively: road machinery and equipment for county use, street and fire equipment and machinery for city and town use, and pupil-transportation equipment for school purposes, and to pay the rental charges thereon for usage during any fiscal period, or portion thereof, out of appropriations made and approved for such purposes for, or during, such fiscal year. But any such rental contract extending beyond June 30th of such fiscal year shall be wholly void and of no effect except and unless it contain the provisions for mutual ratification of renewal under the conditions hereinafter provided. It is the intention and purpose of this Act to authorize such Governing Boards to enter into such lease contracts but not to incur any obligation upon the part of their respective municipal or governmental subdivisions in excess of the income and revenue thereof provided for such purpose for the fiscal year in which such lease contract is effectively operative. Title 62 O.S. 430.2 [62-430.2] (1971), originally passed as House Bill No. 278, stated: "Section 2. No rental or lease contract made and entered into in any previous fiscal year shall be subject to revitalization and renewal by mutual consent and ratification for or during any subsequent fiscal year except and unless it contain a provision that in the event the Governing Board of such municipal or governmental subdivision, under successive mutual consent ratifications and revitalizations, shall have rented and leased such machinery or equipment for the use of the county, city or town, or school district, as the case may be, and paid the same for a period of thirty months, or less if the contract agreement so provide, then the same shall become the property of the contracting municipal or governmental subdivision and that the lessor of such machinery and/or equipment shall thereupon execute and deliver a Bill of Sale thereto to the Governing Board of the county, city, town or school district, as may be the case. But in no event shall any such lease agreement be renewed, extended, ratified, or revitalized in any manner or by any device or for any purpose, for a period longer than thirty months from the date of the initial agreement in writing, an original copy of which shall be filed with and kept by the clerk of the Governing Board entering into such contract agreement." In 1949, the Legislature amended Section 430.1 by adding the following language to that section: "Provided, that any lease agreement entered into by such Governing Board shall state the purchase price of the equipment so leased and in no event shall the lease be extended so as to cause payment of more than the original purchase price of said equipment plus interest not to exceed the legal rate, and when said purchase price plus interest have been paid, the property shall belong to Lessee and Lessor shall deliver a Bill of Sale to said property to the Lessee." In Attorney General Opinion dated May 9, 1953, cited in your letter, there is this language beginning near the bottom of page 4: "The provisions of said Section 430.1 (as amended) treat with the same subject matter as that covered by Section 62 O.S. 430.2 [62-430.2], i.e., the limitation of time for which a rental contract of machinery and equipment may be renewed by Governing Boards of various governmental subdivisions of the State, the time when it becomes the duty of the Lessor to deliver a Bill of Sale to said Governing Board, and that the title of the property shall pass to the Governing Board when the rental contract has been in force and effect for its maximum period. "The conflict between these two sections is readily apparent, and that the 1945 Act (Section 430.2, supra) prohibited such renewals for a period longer than thirty months, while the 1949 Act (Section 430.1, as amended, supra) prohibited such renewals for a period of time longer than that which would be required to pay the original purchase price of the machinery and equipment whether that time be thirty months, less than thirty months or more than thirty months. "We believe that the Legislature intended for the limitations contained in the 1949 amendment to said Section 430.1 to be substituted for the limitations existing prior thereto, and it follows that Section 430.2 was thereby repealed by implication, and that the 'thirty month' limitation is no longer in force and effect. "Therefore, it is the opinion of the Attorney General that 62 O.S. 430.2 [62-430.2] (1951), insofar as it is in conflict with the provisions of 62 O.S. 430.1 [62-430.1] (1951), as amended, has been repealed by implication, and in particular, the 'thirty month' limitation of Section 430.2 is no longer in force and effect; the present limitation upon renewals of such rental contracts being that they cannot be renewed or extended 'so as to cause payment of more than the original purchase price of said equipment plus interest not to exceed the legal rate. ' This is in accord with the views expressed by you." Section 430.1 was again amended in 1951, but in a manner not material to the issue. Neither the 1949 amendment nor the 1951 amendment expressly repeal Section 430.2. The 1951 codification of the statutes retained Section 430.2 as did the 1961 and 1971 codifications. In the case of Anderson Hotel of Oklahoma v. Baker, Cir. 10, 1950 F.2d 741 (1951), the Court stated, beginning near the bottom of page 743: "The subsequent act fully covered and embraced all provisions of the former relating to fire escapes and hotels. In such cases the later statute is considered a substitute for and will be construed as the repeal of the prior statute by implication, even though the later statute makes no reference to the earlier one. . . . "It is suggested that the inclusion of Section 2 of the April 28th act of the 1941 revision of the Oklahoma Statutes amounted to a reenactment of that section. The Oklahoma Courts have had occasion to pass upon this subject at different times and have held that such inclusion does not operate to give validity to the repealed statute." In Ex parte Burns, 88 Okl. Cr. 270, 202 P.2d 433 (1949), the Court held in Syllabus one: "Where two conflicting and inconsistent statutes are carried into the codified law, the one last passed, which is the later declaration of the legislative will, should prevail." In syllabus two, the Court said: "Title 57 O.S. 105 [57-105] (1941) which was Section 7 of Chapter 217, Section Laws 1913, is inconsistent and irreconcilable with Title 59 O.S. 133 [59-133] (1941), which was passed by the Legislature in 1915, and amended in 1917, and the inclusion of both said statutes in 1941 Code of Laws do not give them an equal status but the later expression of legislative will should prevail." Based upon the above cited cases, it is apparent that the codification of a statute that has been impliedly repealed earlier by another statute does not give the repealed statute validity. It is therefore the opinion of the Attorney General that your question be answered in the negative in that the "thirty month" limitation set forth in Section 62 O.S. 430.2 [62-430.2] is not in force and effect even though such limitation was included in the 1971 compilation and codification of the general and permanent laws of Oklahoma. (Todd Markum)