CITIES — GOVERNMENTAL TORT LIABILITY ACT — IMPLIEDLY REPEALED BY LATER ENACTMENT — LIMITS OF LIABILITY GOVERNED BY STATUTE (1). In a city with a population in excess of 200,000 the provisions of the Governmental Tort Liability Act (11 O.S. 1751 [11-1751] et seq. (1971)) are applicable only to the extent that they have not been impliedly repealed by the conflicting and repugnant provisions of O.S.L. 1976, 1, Chapter 18 (11 O.S. 16.4 [11-16.4] (1971)). (2). In a tort action arising out of a governmental function against a city with a population in excess of 200,000, the limits of a city's liability is governed by the limits the city establishes under 11 O.S. 16.4 [11-16.4] (1976). The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. To what extent are the provisions of the Governmental Tort Liability Act (11 O.S. 1751 [11-1751] et seq. (1971)) applicable to a city over 200,000 population, given the enactment of O.S.L. 1976, Section 1, Chapter 18 (11 O.S. 16.4 [11-16.4] (1976))? 2. In a tort action arising out of a governmental function against a city of over 200,000 population, what are the limits of liability to which the city would be exposed? The Governmental Tort Liability Act (11 O.S. 1751 [11-1751] — 11 O.S. 1766 [11-1766] (1971)) provides basically that every municipality (with a population in excess of 200,000) is subject to liability for its torts and the torts of its officers, employees and agents acting within the scope of their employment or duties arising out of governmental function. The Act specifically exempts certain types of claims from its provisions and limits the liability of the municipality to a specified dollar sum. The Act imposes certain procedural requirements on individuals with a claim against the city arising under the provisions of the Act. The Act also allows the governing body of any municipality to procure insurance to cover this liability. The Act makes further provisions relating to this general subject. Chapter 18, O.S.L. 1976, Section 1, (11 O.S. 16.4 [11-16.4] (1976)) provides as follows: "Every city or town shall provide liability insurance, or self-insurance, in no less an amount than Ten Thousand Dollars ($10,000.00) one person, Twenty Thousand Dollars ($20, 000.00) two or more persons, each occurrence for bodily injury and Five Thousand Dollars ($5,000.00) property damage, each occurrence, to compensate persons for bodily injury or property damage proximately caused by any negligent act of a member of a regularly constituted fire department in cities and towns, whether volunteer or part-time or full-time member while in the performance of his duties, police department employee while in the performance of his duties or other municipal employees and officials while in the performance of duties constituting governmental function of the municipality. The governmental immunity to tort action of a city shall be waived to the extent of the amount of insurance or city provided self-insurance authorized and required herein, but in no case shall such immunity be waived in excess of the coverage, force or effect of such insurance. To the extent that an insurer has provided indemnity for the said employees or any of them for acts proximately caused by the negligence of such employee the said insurer may not, in an action, claim the governmental immunity of a city as a defense. A jury verdict that exceeds the maximum amount of applicable insurance authorized and directed herein shall be reduced by the judgment or award of the court to the applicable limits of coverage authorized and directed herein." Each of these provisions of the law deals with the issue of a municipality's liability for the commission of torts by its employees while performing a duty constituting a governmental function. There exists between the two statutes a conflict if the application of each is attempted at the same time to the same circumstances. The rule of statutory construction to be applied to this type of situation is found in 75 O.S. 22 [75-22] (1971): "If the provisions of any code, title, chapter or article conflict with or contravene the provisions of any former code, title, chapter, or article, the provisions of the latter code, title, chapter or article must prevail as to all matter and questions arising thereunder out of the same subject matter." In applying this same standard of statutory construction, the Oklahoma Supreme Court stated in the case of Ramsey v. Leeper, 168 Okl. 43, 31 P.2d 852
(1934), as follows: "It is elementary that, in the case of conflict between provisions of different statutes passed by the different Legislatures, the last in point of time must prevail; the same being the last expression of legislative intent." In the case of James v. Board of County Commissioners, 103 Okl. 141, 229 P. 554 (1924), the court stated in syllabus two: "Where the plain and clear provisions of a subsequent legislative act are repugnant to the provisions of a prior act, in the absence of a repealing provision, the conflicting provisions of the later act will be deemed to have repealed the repugnant parts of the prior act by implication." It is apparent from the above cited cases and statute, that insofar as the provisions of the Governmental Tort Liability Act are in conflict and repugnant to the provisions of 11 O.S. 16.4 [11-16.4] (1976), the latter will operate as an implied repeal of the former. To the extent that the provisions of the Governmental Tort Liability Act are in conflict with the provisions of 11 O.S. 16.4 [11-16.4], supra, the latter will control. The limits of liability of a city with a population in excess of 200,000 in a tort action arising out of a governmental function are to be governed by the limits the city establishes under 11 O.S. 16.4 [11-16.4] (1976). It is, therefore, the opinion of the Attorney General that your questions be answered as follows: (1). In a city with a population in excess of 200,000 the provisions of the Governmental Tort Liability Act (11 O.S. 1751 [11-1751] et seq. (1971)) are applicable only to the extent that they have not been impliedly repealed by the conflicting and repugnant provisions of O.S.L. 1976, 1, Chapter 18 (11 O.S. 16.4 [11-16.4] (1976)). (2). In a tort action arising out of a governmental function against a city with a population in excess of 200,000, the limits of a city's liability is governed by the limits the city establishes under 11 O.S. 16.4 [11-16.4] (1976). (JAMES C. PECK) (ksg)